JAMES O. BROADHEAD, Adm'r. vs. MICHAEL J. NOYES.

| 9 | 59 |
|---|---|
| 59a | 36 |

1. Although the nature and effect of a contract depend upon the law of the State in which such contract is made, or is to be performed, the remedy for a breach of such contract must be governed by the law of the State in which the redress is sought.
2. An action of covenant will not lie in this State, upon an instrument of writing executed in another State, and which by the law of such State would be regarded as under seal, if by the law of this State such instrument be not also held as sealed.

### ERROR to Pike Circuit Court.

GLOVER AND WELLS, for Plaintiff in error.

POINTS AND AUTHORITIES.

The only point made is, that the court erred in sustaining the demurrer.
1. The first three counts of the plaintiff's declaration are good, because the instruments sued on were covenants duly sealed by the law of Kentucky, and must be regarded so here. 1 Starkie Ev. 372; 3 Tomlin's Law Dictionary, 441; 1 Shep. Touch. 51; 6 Binney, 329; 2 Coke, 274; 2 Bibb, 14; 4 Kent, 452, note C.
2. By the law of Kentucky, 1812, these instruments had the same dignity, force and obligation as sealed instruments, and must have the same here. 5 John R. 244, 4 John R. 288; Chitty Con. 92; 25 Eng

Com. Law R. 263 ; 1 Rand. 23 ; 1 Cow. 320 ; 1 Bosanquet and Bul. 360.

3. If the instruments sued on were covenants or have the dignity and force of covenants in Kentucky, then the remedy by action of covenant being an appropriate remedy upon such instruments by the laws of Missouri, the action was well brought. Chitty Con. 94.

Porter, for Defendant in error.

### POINTS AND AUTHORITIES.

1. The defendant in error submits to the court and insists that the decision of the *questions* raised by the demurrer in this case whether an action of covenant will lie on the instrument in question, depends upon the law of Missouri, and not the law of Kentucky, the *lex fori* and not the *lex loci contractus*, and cites Story's Conflict of Laws, p. 475, sec. 567, in which cases ananlagous to the one at the bar are cited for the illustration of the principles.

2. That the instruments in question *are unsealed*; he cites Boynton vs. Reynolds, 3 vol. Mo. Dec., and Cartmill vs. Hopkins, 180, 2 vol. Mo. Decs.; and the last case also, as to the *point* of the effect of defendant's removal from Kentucky, 5th vol. same, Grimsley vs. Riley ; 8 vol. do. Glascock vs. Dodge. Even according to the law of Kentucky in regard to seals as construed by the court of appeals under the act of 1812, the instruments in question are *unsealed* and cites Dillingham vs. Estill, 3 Dana's Kentucky Reports, p. 21. On the first point the question whether covenant will lie is referable to the remedy and the effect of evidence and not the nature, obligation and construction of the contract, and as conclusive on this point he cites the case of Steele vs. Curle, 4 Dana's Reports, p. 382, and ultra.

*The* object of the plaintiff in error in bringing covenant in this case is to avoid the statute of limitations, relying upon the decision of the court in the case of Penningson vs. Castleman, this question of limitation depending incontestably upon the *lex fori*; and the defendant submits *whether the principle of comity* will be permitted in any instance to go this extent.

Scott, J., delivered the opinion of the court.

This was an action of covenant brought by the plaintiff in error against the defendant on three several instruments executed in the State of Kentucky. To the instruments a scroll was affixed by way of seal,

but it was not recognized as such by anything contained in the body of the instruments, and consequently by our law, they are regarded as unsealed. The defendant demurred to the declaration and had judgment, from which the plaintiff has sued out this writ of error.

The question arising in this case is, whether if an action of covenant will lie on an unsealed instrument in the State or country in which it is executed or to be performed, must a party who sues in this State on such instrument bring an action of covenant, or must his remedy conform to that given on similar instruments executed in this State?

We will not stop to enquire whether the instruments set out in the declaration are regarded as sealed or unsealed by the laws of Kentucky: we deem that enquiry of no importance in the determination of the question involved in this case ; it may be assumed that they are considered as sealed by the laws of Kentucky. Indeed the very investigation into which the plaintiff in error invites us, shows the extreme inconvenience of the principle for which he contends. A citizen of this State holding an instrument on which he is desirous of instituting suit, instead of consulting his own laws, is required to enter into an examination of the laws of another State, in order to ascertain in what manner his suit is to be brought. An instrument may be executed in China, in countries whose modes of procedure in judicial transactions are utterly dissimilar to those prevailing amongst us ; will our courts be required to instruct themselves in the laws of all these States, so as to be enabled to administer justice between the parties who may litigate in relation to such contracts before them.

Authority as well as reason is decidedly opposed to the principle contended for by the plaintiff in error. This is a branch of the law which owing to our frame of government, being a confederacy of States, is constantly undergoing discussion in our courts, and as questions of this kind must frequently arise, it is a matter of importance that they should be settled as well with regard to convenience as to that of comity which gives force and effect to a contract as it is understood in the country in which it is entered into. The difficulty in these questions arises from the want of a line distinctly discriminating between those which are to be determined by the *lex loci contractus,* and those by the *lex fori.* It seems to be settled that the law of a place where a contract is made, or is to be performed, is to govern as to the nature, validity, construction and effect of such contract, and that being valid in such place, it is to be considered valid everywhere, and to be enforced in all courts, unless such contract is injurious to the interests, rights and convenience, or conceived in a spirit of hostility to the laws and institutions of the State

in whose courts it is attempted to be enforced; and on the other hand if a contract is void by the laws of the place where it is made or to be performed, it is held to be invalid everywhere, and no court will aid in carrying it into execution. Pearsall vs. Dwight, 2 Mass. Rep. 84; Sherill vs. Hopkins, 1 Cowen's Rep. 103; Story's Conflict of Laws.

But while the *lex loci contractus* will govern as to the construction and validity of a contract, it seems very clear that the *lex fori* will give the law as to the manner in which a contract is to be enforced, or in other words will determine the remedy. The remedy has been frequently confounded with the essence of contracts, and hence in the early cases on this subject, there is a confusion which leaves the matter involved in obscurity and uncertainty; but recent decisions leave no doubt on the question presented by the record of the case now under consideration. In Andrews vs. Hirriot, 4 Cowen 508, an action of covenant was brought in the courts of New York on a contract to be performed in Pennsylvania, with a scrawl with the "seal" in the *locus sigilli*, which by the law of that State constituted the seal; the court held that covenant would not lie; that the instrument would not be regarded as a sealed one by the laws of New York; that the form of the action relates to the remedy and is governed by the *lex fori*, and that to sanction a contrary doctrine would overturn the entire class of cases, which distinguish between the different effects of the *lex fori* and *lex loci*. The same principle is maintained in the case of Trasher vs. Everhart, 3 Har. & Gill, 234, and in the case of Steel vs. Curl, 4 Dana Rep. 381. See also Story's Conflict of Laws, 475.

Judgment affirmed.