### EDWARDS, Respondent, *vs.* WATKINS, Appellant.

1. A judgment by default is properly rendered, when no answer is filed within time nor before judgment is taken; nor is it error to refuse to set such a judgment aside, when the affidavit filed with the motion discloses no diligence and no excuse for the failure to answer within time.

*Appeal from St. Louis Court of Common Pleas.*

*J. W. Skinner*, for appellant. It is error to permit a default to be taken after answer allowed to be filed. In such a case, there is no *failure* to answer, within the meaning of the statute. In this case, the answer was filed before default taken.

*Henry N. Hart*, for respondent.

GAMBLE, Judge, delivered the opinion of the court.

1. Edwards sued Watkins on a negotiable promissory note, made by Watkins to one Keller, and endorsed to plaintiff. The writ was returnable to the September term, 1851, but being served too late for that term, it became a return to the February term following. At the September term, the defendant appeared and asked time to answer, which was extended to the fourth of October. No answer was filed at that term, but at the February term, after the time for answering had expired, the plaintiff took a judgment for want of an answer. On the day this judgment was taken, an answer appears to have been filed, and the counsel differ as to which act was first in time, the filing the answer or taking the judgment. The defendant afterwards moved to set aside the judgment, on the ground that his answer was filed before the judgment was taken, and that on filing it the clerk told him no judgment was taken. The affidavit discloses the defence he wishes to make to the note.

The record states as the fact that, the defendant, being solemnly called, made default, and that therefore the judgment was given. This statement is to be taken as true, and therefore the answer, although filed on the same day, must have been filed after the default was ordered to be entered. The defendant was out of time with his pleading, and although a udgment by default cannot regularly be entered when an answer is on file, yet the record shows enough to sustain the re-

gularity of this judgment. The defendant, in his affidavit filed with his motion, shows no reason or excuse for being actually in default by failing to file his answer in time. He was not diligent. Without considering the merits of the defence he wished to make, the motion to set aside the judgment by default, was properly overruled, and the judgment is affirmed with the concurrence of the other Judges.