L. M. PALMER & Co., Respondents, *v.* JAMES H. RUSSELL, Appellant.

*Practice—Setting aside Default.*—The party applying to set aside a judgment by default must show reasonable diligence in preparing for his defence, or a sufficient excuse for his omission to do so.

*Appeal from Law Commissioner's Court.*

*Davis & Evans,* for respondents.

*C. C. Carroll,* for appellant.

DRYDEN, Judge, delivered the opinion of the court.

The respondents sued the appellant on an account for ninety dollars, before a justice of the peace in the city of St. Louis, and on the 19th of April, 1861, recovered a judgment for the sum demanded. The defendant appealed to the Law Commissioner's Court. At the June term of that court, the case was continued to the August term, 1861. On the 14th day of the latter term, the appellant not appearing, the judgment of the justice was affirmed. After an ineffectual motion to set aside the affirmance, the appellant appealed to this court. The refusal of the law commissioner to set aside the judgment is the only error complained of.

The motion to set aside was sustained by the affidavit of the appellant, which states that he had retained an attorney (Col. Burke) to attend to the case for him, and who had promised to notify him of the time when the case was set for trial, but had failed to do so; that the attorney " was called off from the city very suddenly in the military service of the country before the case was set for trial, and that in the hurry of the moment the matter was overlooked by him." The affidavit leaves it wholly uncertain when it was, with regard to the time for the trial, that the attorney left the city; it may have been a day or three months before. Furthermore, it does not appear from the affidavit but that

the appellant was fully cognizant, as well of the absence of his attorney as of the time appointed for the trial. No diligence is shown in preparing for the defence, and no sufficient excuse for the omission to do so. There is, therefore, no ground for the interference of this court.

Let the judgment be affirmed; the other judges concurring.