Adams v. Hickman.

---

ANDREW ADAMS, Plaintiff in Error, *v.* JAMES P. HICKMAN, Defendant in Error.

1. *Practice, Civil — Trials — Interlocutory Judgments, when set aside.*—A meritorious defense and a reasonable degree of diligence in making it is all that it is necessary to establish, in order to justify the setting aside of an interlocutory judgment.

*Error to First District Court.*

This is a suit of attachment instituted in the Circuit Court of Cooper county, on the 1st day of December, 1866, founded on an account for the sum of $835.48. The ground for the attachment, as set out in the affidavit of plaintiff, is the non-residence

of the defendant. An order of publication was made by the clerk in vacation, and published in a newspaper printed in Cooper county, and a writ of attachment was issued, and the real estate of defendant attached by the sheriff of said county; said writ was returnable to the February term, 1867, of said court. At the return term, the attorney of Hickman obtained leave to file an answer ninety days before the next term of said court, that being the August term of said court, 1867. At that term, defendant not answering, plaintiff filed his motion for a judgment by default, which motion, on the 29th day of August, 1867, was sustained, and an interlocutory judgment was rendered against defendant. Defendant, on the 30th day of August, 1867, filed his motion to set aside said interlocutory judgment and for leave to answer, which motion the court overruled, and refused to permit defendant to file his answer, and afterward rendered a final judgment against defendant. The defendant then filed his motion to set aside said final judgment, and for a new trial, which motion was also overruled by the court; to which action of the court the defendant objected, and duly excepted, and appealed from the decision to the District Court, where the judgment of the Circuit Court was reversed, and the plaintiff brings the case here by writ of error.

*Adams*, for plaintiff in error.

I. The good cause shown to set aside a judgment by default must not only be a meritorious defense, but the exercise of all due diligence both by the party and the attorney. No distinction is made between the negligence of a party and that of his attorney. (Freeman v. Morris, 7 Mo. 6; Green v. Goodloe, 7 Mo. 25; Kirby & Potts v. Chadwell, 10 Mo. 392; Austin v. Nelson, 11 Mo. 192; 29 Mo. 343; Lamb v. Nelson, 34 Mo. 501; Palmer v. Russell, 34 Mo. 476; Bank of Missouri v. Bray, 37 Mo. 196; Bosbyshell v. Summers, 40 Mo. 175; *passim*, see Lecompt and Wife v. Wash, 4 Mo. 557, where the judgment of the Circuit Court was reversed because a judgment by default was set aside on an insufficient affidavit.) In the case at bar, there was gross negligence both on the part of the attorney and his

client. Defendant was fully aware that a suit would be commenced against him before he left for Europe, and had retained his attorneys to defend the suit. The client's presence here was not at all necessary to frame and file the answer. It was not required to be sworn to. The attorney, Draffin, knew that the suit had been instituted long before the February term. The affidavit shows nothing to the contrary. But he had ample time, after the order was made extending the time to plead till ninety days before the next term, to have communicated by letter with his client in England, and obtained the necessary information, if he lacked any, to prepare the answer. There was not only no diligence shown, but the affidavit does not pretend to set out any merits. (Lamb v. Wilson, 34 Mo. 501 ; 29 Mo. 344-5.) The affidavit must set out the facts constituting the defense, in order that the court may see whether the alleged defense is meritorious.

*Draffin & Muir*, for defendant in error.

The Circuit Court erred in refusing defendant permission to file his answer, and its judgment was properly reversed. (11 Mo. 438 ; 38 Mo. 269 ; 39 Mo. 413.)

Currier, Judge, delivered the opinion of the court.

The question involved here is one of practice. An interlocutory judgment by default was rendered against the defendant, who, the succeeding day, moved the court to set it aside, and for leave to file an answer. The motion was accompanied with an affidavit and various exhibits. It was overruled by the court, and final judgment entered for the plaintiff. This judgment was reversed by the District Court, and the plaintiff brings the case here by writ of error. From the affidavit and papers in the case, among which is the defendant's answer, it appears that the suit was by attachment to the Cooper County Circuit Court, February term, 1867, the defendant being a non-resident, and notice being given by publication. No actual notice of the pendency of the suit appears to have reached him till July, 1867. The defendant was absent in Europe from about the last of the preceding December till that time. Before leaving for Europe, in December, in antici-

pation of a suit, the defendant engaged counsel to represent him, who appeared at the February term of the court and obtained an extension of the time for pleading to within ninety days of the succeeding August term of the court, it being then believed that the defendant would be back from Europe by the 1st of May, 1867. He did not reach New York, however, till July, where he met a letter from his attorney advising him of the suit. He thereupon hastened to Boonville, and had his answer prepared, which was lodged with the clerk of the court on the 9th of July. He then proceeded to Texas, and obtained testimony to be used on the trial of the cause, and was ready for trial at the August term, to which the case stood continued. The answer is elaborate, and the affidavit filed by the attorney states that it could not be prepared without the assistance of the defendant. The earnest determination of the defendant to defend against the claim sued on is manifest. Under the circumstances it would be, as it seems to us, more technical than reasonable to deny him an opportunity of doing so. The answer discloses merits, and the affidavit and exhibits show reasonable diligence, both on the part of the attorney and his client. A meritorious defense and a reasonable degree of diligence in making it is all that it is necessary to establish, in order to justify the setting aside of the interlocutory judgment.

The judgment of the District Court reversing the judgment of the Circuit Court is affirmed. The other judges concur.