1 209
35 53
35 229

EZEKIEL SAULSBURY, Plaintiff in Error, v. AUGUSTUS W. ALEXANDER, Defendant in Error.

February 14, 1876.

1. This court will not review the discretion of the Circuit Court in permitting a bill of exceptions to be signed and filed beyond the time limited by its own rules, if done within the time prescribed by statute.

2. Judgment affirmed for failure of the record to show sufficiently the proceedings of which error is alleged.

ERROR to St. Louis Circuit Court.

Affirmed.

F. J. Bowman, for plaintiff in error.

E. C. Kehr, for defendant in error.

GANTT, P. J., delivered the opinion of the court.

In the spring of 1869 Saulsbury sued Alexander for the balance of an account. Alexander answered, and there was a reply to new matter set up in this answer. At the October term, 1869, the cause was tried, and there was a verdict for plaintiff. Nothing further appears by the record until October 14, 1872, when the court set aside the verdict and ordered a new trial. The next entry is on February 20, 1873, when, the plaintiff not appearing, the case was dismissed for want of prosecution. On February 26, 1873, plaintiff filed a motion to set aside this order, on the ground that " it appears, by the record, the court erred in granting a new trial herein after the decision rendered in said

cause in the Supreme Court, and said cause was not again triable in this court, but plaintiff was entitled to final judgment therein." The court overruled this motion on March 1, 1873. The plaintiff asked for leave to file a bill of exceptions within ten days, which was granted. The bill was not filed until April 5, 1873. No cause for the delay is shown. The bill was, however, signed and filed at the February term, 1873, the term at which the order of dismissal was made and the motion to set it aside overruled. By this bill the motion appeared, the reason assigned for it, the action of the court thereupon, and plaintiff's exception; but this was all. The judgment of the court at special term was affirmed by the court at general term; and it appears, by the entry of the judgment of affirmance, that at the same time the court overruled a motion by Alexander to strike out the bill of exceptions as not having been filed within the time prescribed by the order of court, nor within the time allowed by its rules of practice. The motion to strike out this bill of exceptions is renewed by Alexander in this court. We will not review the discretion of the court of the first instance in allowing a bill of exceptions to be presented and signed at any time during the term at which occurred the ruling objected to. The statute requires a bill of exceptions to be signed and filed during the term. For the orderly dispatch of business, courts, especially in St. Louis, make rules on this subject which it is in general necessary to comply with. But there is an obvious difference between the obligations of the statute and the rule of court. The one is, as far as courts are concerned, unbending; the other is flexible. The authority which makes the rule can suspend its operation under the special circumstances of a particular case. Matters of this kind are necessarily left to the discretion of the court which tries the cause. This was done by the Supreme Court of Missouri, in the case of *Marshall* v. *The Thames Insurance Company*. This case is reported in 43 Mo. 586. The point

referred to does not appear in the report, but is to be seen by an inspection of the record.

Having decided to retain the bill of exceptions, we, never-theless, are unable to see what useful purpose it serves. It discloses, indeed, the fact that the motion to set aside the dismissal was made and overruled, and that it alleges that it appears by the record that something has been done by the Supreme Court which rendered the dismissal improper. We have examined the record and find that nothing of the sort appears; and, of course, there was no error in the refusal of the Circuit Court to set aside the order under such circumstances. The judgment is affirmed. All the judges concur.