J. M. MILLER, Respondent, *v.* ST. LOUIS RAILROAD COMPANY, Appellant.

### April 9, 1878.

1. It will not be held to be negligence *per se* to expose the elbow to some extent from the window of a street-car drawn by horses on a track laid upon the streets of a city.    What is ordinary prudence, as to the position to be assumed by a passenger in such a car, cannot be determined by any arbitrary rule.

2. Negligence of plaintiff, if a remote condition of the accident, will not relieve defendant of the consequences of negligence on his part which is the efficient cause of the injury.

3. Under a general allegation of negligence, it is error to admit evidence or give an instruction as to the general condition of the tracks of defendant's railroad.

4. Had the pleading been amended in this respect, evidence of the condition of the track at another time and place than that of the accident would still be incompetent.

5. It is error to instruct the jury that, if plaintiff's elbow was outside the car window, and the conductor did not warn him of his danger, and his arm was injured by the cars running too close together, while going in opposite directions on parallel tracks, they will find for plaintiff.

6. Where that which causes the accident is under the management of the carrier, and the accident such as would not ordinarily happen, the accident, if unexplained, is reasonable evidence of negligence; but where, from the character of the accident, it appears that it could not have happened without improper exposure on the part of the passenger, it does not raise the presumption of negligence.

7. In a damage suit, the fact that the jury arrived at the measure of damages by dividing by twelve the aggregate of the several amounts which each had privately jotted down, is not a ground for a new trial, where the amount thus ascertained is freely assented to by each juror.

8. The testimony of the jurors will not be admitted to impeach their verdict.

9. The rules of the St. Louis Circuit Court adopted by general term are subject to the discretion of the judges at special term, and the Court of Appeals will not review the discretion of the trial court in permitting a bill of exceptions to be signed and filed beyond the time limited by its own rules, if done within the time prescribed by statute.

10. Where the character of a witness for truth is indirectly attacked on cross-examination, and by evidence of contradictory statements made by him, it is competent for the party calling him to give evidence of his general good character.

Appeal from St. Louis Circuit Court.

*Reversed and remanded.*

Smith P. Galt, for appellant: Equivocal words, and such as are ambiguous and calculated to mislead, should not be used in instructions. — *Bank* v. *Lonergan*, 21 Mo. 46; *Belt* v. *Goode*, 31 Mo. 128; *Buel* v. *Transfer Co.*, 27 Mo. 564; *Edmunds* v. *Railroad Co.*, 3 Mo. App. 603. When an instruction enumerates certain facts in the case, and is decisive of the case, it must embrace all the material facts bearing upon the point involved. — *Clark* v. *Hammerle*, 27 Mo. 55; *Mead* v. *Brotherton*, 30 Mo. 201; *Sawyer* v. *Railroad Co.*, 37 Mo. 240. It was negligence *per se*, directly causing the injury, for plaintiff to have his arm out of the car window. — *Todd* v. *Railroad Co.*, 3 Allen, 18; 7 Allen, 207; *Holbrook* v. *Railroad Co.*, 12 N. Y. 236; *Railroad Co.* v. *Rutherford*, 29 Ind. 82; *Railroad Co.* v. *McClurg*,

56 Pa. St. 294; *Railroad Co.* v. *Andrews*, 39 Md. 329; *Railroad Co.* v. *Sickings*, 5 Bush, 5. Contradiction among witnesses examined in court supplies no ground for admitting general evidence as to character. — 1 Greenl. on Ev. (12th ed.), sec. 469; *The People* v. *Hulse*, 3 Hill, 309; *Starks* v. *The People*, 6 Denio, 106; *Russell* v. *Coffin*, 8 Pick. 154; *Bishop of Durham* v. *Beaumont*, 1 Camp. N. P. 207.

REESE &. HICKS and DRYDEN & DRYDEN, for respondent: Appellant's bill of exceptions was presented out of time, and was improperly allowed. — Wag. Stat. 1043, secs. 27, 28; *Smith* v. *Pollock*, 58 Mo. 161; *Mentsing* v. *Railroad Co.*, 64 Mo. 25; *Riddlesberger* v. *McDaniel*, 38 Mo. 138; *Howes* v. *Holmes*, 2 Mo. App. 81; *Hoffelman* v. *Frank*, 52 Mo. 542; *Dale* v. *Patterson*, 63 Mo. 98; *Wright* v. *Shea*, 55 Mo. 70; *The State* v. *Smith*, 44 Mo. 112; *Tilford* v. *Ramsey*, 43 Mo. 410; 56 Mo. 503. The affidavits or testimony of jurors will not be admitted or considered to show misbehavior of the jury in regard to their verdict, or to impeach the same. — *The State* v. *Underwood*, 57 Mo. 40; *McFarland* v. *Bellemo*, 49 Mo. 371; *The State* v. *Carpenter*, 39 Mo. 430; *Sawyer* v. *Railroad Co.*, 37 Mo. 263. Even if admissible, the affidavits in this case show no misconduct on the part of the jury. — *Dorr* v. *Fenno*, 12 Pick. 521; *Cowperthwaite* v. *Jones*, 2 Dall. 55; *Heath* v. *Conway*, 1 Bibb, 398. Testimony of the witness's character was properly admitted. — *The State* v. *Hamilton*, 55 Mo. 523; *The State* v. *Breden*, 58 Mo. 507; 1 Greenl. on Ev., secs. 461, 469; Stark. on Ev. (6th ed.) 186; *Paine* v. *Tilden*, 20 Vern. 554; *The State* v. *Rowe*, 12 Vt. 93; *Isler* v. *Demey*, 71 N. C. 14.

BAKEWELL, J., delivered the opinion of the court.

This action is for damages for injuries suffered by plaintiff whilst a passenger on one of the street-cars of defendant. The allegations of the petition are that, by the neg-

ligence, imprudence, unskilfulness, and carelessness of the
agents and employees of defendant, a car on defendant's
road, in charge of defendant's servants, collided with and
raked against the car of defendant in which plaintiff was
being carried, and broke his arm and otherwise injured him,
to his damage $10,000.   The answer is a general denial.

There was evidence tending to show that plaintiff, at the
time of the accident, was sitting in the car with his elbow
and arm on the window-sill, and his wrist and hand outside,
grasping the frame of the window ; that the car passing in
the opposite direction rubbed against the car in which plain-
tiff was sitting, mashed his hand, drove his arm back, and
broke it above the elbow.   Plaintiff suffered intensely,
carried his arm in splints for three months, was still suffer-
ing, at times, at the date of the trial, and his arm is perma-
nently injured, so that plaintiff, who is a farmer and stock-
dealer, is permanently disabled from doing hard work, such
as is required on a farm.   There was testimony that the
track was in bad condition at the place where the accident
occurred, and elsewhere.

There was also testimony tending to show that plaintiff
had his elbow outside the window at the time of the occur-
rence ; that the car did not collide, or touch ; that the track
was in good condition at the point of accident.   There is
no direct testimony that either of the cars was off the rails
at the time of the accident.   A passenger swears that he
warned plaintiff, before the accident, to take his arm in.
Plaintiff says he heard no such warning.   The plaintiff's
statements as to his position in the car are corroborated by
the conductor and a passenger, and are contradicted by a
passenger.   There was a verdict and judgment for plaintiff
for $1,908.25, and defendant appeals.

1. It is contended by respondent that the bill of excep-
tions was presented out of time, and improperly allowed.
It appears that the cause was tried at the December term,
and that, on January 22 of that term, the judge an-

nounced that the motion for a new trial would be overruled; and then, by consent of parties, suspended the entry of judgment until the next term, in order to allow time to prepare the bill of exceptions. The entry that the motion for a new trial was overruled was made on February 5, and at the February term; and then, against the objection of respondent, the court granted appellant, on February 9, time until March 1 (a day of the February term) to prepare his bill of exceptions. On February 22, appellant handed his bill of exceptions to respondent, who then protested that it was out of time under the rule of court; and on February 24, the trial judge sealed the bill, against the objection of respondent, who insisted that such action was in violation of the sixteenth rule of the Circuit Court, adopted at general term, and then in force and binding upon the court at special term. This rule provides that the bill of exceptions shall be presented to the opposite party within five days after the motion is overruled, who shall return the same within three days.

A bill of exceptions must be signed during the term at which the cause is finally disposed of, unless this is waived by stipulation filed, or by entry of record. This is a settled rule of practice from which no departure is allowed in this State. But we have already decided (*Saulsbury* v. *Alexander*, 1 Mo. App. 209) that we will not review the discretion of the Circuit Court in permitting a bill of exceptions to be signed and filed beyond the time limited by its own rules, if done within the time prescribed by statute. We are asked to reconsider that decision, on the ground of the peculiar organization of the St. Louis Circuit Court, and the distinct powers and functions of general term of that court, which, it is contended, give its rules in this respect the force of a legislative enactment, not to be suspended or disregarded at the discretion of the judge at special term. We see no reason whatever for overruling the decision in *Saulsbury* v. *Alexander*. To say that the

rules made by the Circuit Court in general term are as unbending as a statute, and that the trial judges of that court are to be deprived of the ordinary discretionary power of suspending, when they see sufficient cause, the operation of a rule of court in a particular case, might work a denial of justice.

2. Affidavits are filed by three of the jurors, to the effect that they arrived at the measure of damages by dividing by twelve the sum of the several amounts which each juror privately jotted down as the amount upon which he determined. Independently of the fact that the affidavits of two of the jurors show that, after the average had been thus ascertained, the amount was then considered and freely assented to by each juror, in which case it has been repeatedly held that such a method of arriving at a verdict in a damage suit is no ground for new trial (12 Pick. 521; 2 Dall. 55; 1 Bibb, 398), it is well settled that the testimony of jurors is not to be admitted to impeach their conduct and attack their verdict. *Dorr* v. *Fenno*, 12 Pick. 521; *Pratte* v. *Coffman*, 33 Mo. 72.

3. The court, at the instance of plaintiff, instructed the jury substantially as follows : —

1. That if the injury was caused by the carelessness of defendant's agents in running or managing its cars, or by improper construction or location of its tracks, or by use of cars of improper width, without negligence of plaintiff directly contributing to the injury, they should find for the plaintiff.

2. If defendant's cars had sometimes brushed together, so as to endanger passengers sitting as plaintiff sat, and if plaintiff was sitting with his elbow out, or with his elbow on the sill and his hand grasping the window-frame, and received no warning from any employee of defendant, and his hand and arm were broken by collision, or running too close together, of defendant's cars, defendant is liable.

3. It is not necessary that either car should have been

off the track; the injury, if it occurred to plaintiff whilst a passenger, by the collision or rubbing of the cars, is presumptive evidence of negligence of defendant.

4. Remote negligence of plaintiff will not excuse any negligence of defendant which is shown to have been the proximate cause of the injury.

5. In estimating damages, plaintiff's condition in life, pursuits, bodily and mental sufferings, loss of time, and direct pecuniary loss may be considered.

For defendant, the court gave instructions as to credibility of witnesses, and contributory negligence, and the burden of proof, which we need not set out. The court refused to instruct that if plaintiff's arm was in an unsafe position, and he learned this from another passenger, and might have withdrawn his arm and did not do so, he cannot recover; but, of its own motion, directed the jury that such facts might be considered in determining the question of negligence.

Defendant asked the court to instruct the jury: 1. That if the tracks of defendant were laid by the direction of the city engineer, and were, at the date of the accident, in the place where first laid, then defendant was not in fault for the location of its tracks. 2. That if plaintiff was accustomed to ride on defendant's cars, and knew that cars ran on the west track, and had his arm out of the window when hurt, he cannot recover. 3. That the jury, though they may believe from the evidence that the cars rubbed together, or that there were indentations in defendant's track at other points, cannot presume that there were such indentations, or that the cars rubbed, where the accident occurred. 4. That the measure of damages is, a fair compensation for actual injury. 5. That, on all the evidence, the plaintiff is not entitled to recover.

It has been repeatedly held, that where a passenger of mature years projects his elbow, or any part of his body, from the window of a car drawn on a railroad by steam

power, this is negligence *per se;* and in many cases, in different States, it has been held, that where the passenger thus negligently exposes his person from the window of the car and is injured by contact with any object, he cannot recover damages from the railroad company, though it be shown that the defendant was negligent in permitting the obstruction which caused the accident to remain so near its track. It has been so decided in Massachusetts, Pennsylvania, New York, Indiana, Kentucky, and Maryland; though the contrary is held in Wisconsin and Illinois. We do not refer to the cases, though we have examined them, because they will be found cited and reviewed in *Railroad Co.* v. *Andrews,* 39 Md. 329. The cases in which such exposure is considered negligence *per se* are well considered; and in Pennsylvania, the case of *Railroad Co.* v. *Kennard,* in which a contrary doctrine was announced, has been long since overruled. It does not necessarily follow, however, that because the exposure of the person from the window of an ordinary railroad carriage moved by steam is negligence, that the same exposure from the window of a street-car is so. The motive power is much more under control in one case than the other, whether we speak of the carriage in which the passenger is, or of any thing likely to approach it from a parallel track; and the speed is less.

We are by no means prepared to say that, to expose the elbow to some extent from the window of a street-car is always and under all circumstances negligence. As to this, each case must stand upon its own facts; and what is, or is not, ordinary prudence as to the position which one shall assume when sitting at the open window of a street-car, running upon rails and drawn by horses under the charge of a driver, is perhaps not to be determined by any arbitrary rule. But even if it should be determined that to project one's arm from the window of a street-car is negligence *per se,* it would by no means follow that one whose arm was broken when sitting in a car in that posi-

tion would be absolutely precluded from recovery in a suit for damages, when injured by the negligence of another. As we have already had occasion to remark, in cases of a somewhat similar character heretofore decided by this court, the negligence of plaintiff may be entirely immaterial. If a remote condition, it is unimportant. The law, in cases of this kind, looks at the proximate and operating cause of the injury ; and, where one who has been negligent himself is injured by the recklessness and carelessness of another, the party whose acts are the efficient cause of the injury may be liable.

Let us take the present case, and suppose that the plaintiff's arm was exposed from the window, but in such a way that, from the construction of the car, it was protected from injury from any passing object, provided that the rails on both tracks were in good condition ; that if each of these parallel tracks were in a condition such as defendants were bound constantly to maintain, there could be no reasonable probability of danger from such exposure of the arm ; and that, owing to an undue displacement of a rail, or a sudden depression on either side of the track, this car, or a passing car, was tilted over in such way, at the point of the accident, that, before plaintiff could withdraw his arm, the cars were brought so nearly together as to rub together, or so nearly touch, that plaintiff's arm was struck and broken, it might well be that the direct and immediate cause of the injury was the bad condition of the car-track, and not the carelessness of plaintiff, and that a recovery might be had, even though plaintiff was careless to some degree. *Leduke* v. *Railroad Co.*, 4 Mo. App. 485 ; *Frick* v. *Railroad Co.* (*ante*, p. 435).

In the case before us, there was no evidence whatever that the accident was occasioned by any negligence on the part of the servants of defendant managing and conducting either of the meeting cars. Both cars were going at a slow trot, and it is not shown that any officer or servant

of defendant saw plaintiff's arm out of the window until after the accident occurred. Under the pleadings, evidence of the condition of defendant's track should not have been admitted against the objection of defendant, and the first instruction, as to construction of the track or improper width of the cars, should have been refused. If the defendant was negligent in these respects, that was not the negligence of its agents conducting or driving its cars at the time of the accident; and if it is claimed that the accident was owing to a depression in the track at the point where the accident occurred, that fact should have appeared in the pleadings, so that defendant might have notice of the charge he was to meet. Under a general allegation of negligence, the plaintiff cannot recover for damages occasioned by the bad condition of the track. *Frick* v. *Railroad Co.* (*supra*). If that objection had been removed by an amendment of the pleadings, it would still have been improper to admit testimony as to the condition of the track at other points, and at another date from the time of the accident. This was done on the trial, against defendant's objection.

The second instruction for plaintiff is too broad, and seems to make the non-interference of the conductor, combined with the fact that the cars ran too close, conclusive against defendant. Was the conductor bound to warn plaintiff not to put his elbow out, if he saw it on the sill of the window? Or was he bound to watch, to see that all passengers kept their elbows inside of the car? We think not. It seems clear enough that the cars ran too near; but that may have happened without defendant's fault. It is possible that a car might leave the track for an instant without fault in the driver or defect in the track. The question of negligence or unskilfulness was entirely for the jury, and this instruction seems to take it from them.

As to the third instruction for plaintiff, it may be said that where the thing that causes the accident is shown to

be under the management of the carrier, and the accident such as would not happen in the ordinary course of management, the accident, if unexplained, is reasonable evidence of negligence; but where, from the character of the accident, it appears that it could not have happened had there not been improper exposure on the part of the passenger, the accident itself can hardly raise the presumption of negligence.

4. As the case must go back for a retrial, we may say that there is nothing in the objection of appellant to the testimony in support of plaintiff's character. His character for truth was attacked by defendant, not by direct evidence, but by the character of the cross-examination, and by evidence of statements by him, out of court, different from those sworn to by him on the stand. It is now well settled that where this is the case, it is competent for the party calling the witness to give evidence of his general good character. 1 Greenl. on Ev., sec. 462; *Paine* v. *Tilden*, 20 Vt. 554; 31 N. C. 14; 12 N. Y. 236; 34 Barb. 256.

The judgment of the Circuit Court is reversed, and the cause remanded. All the judges concur.