HUBERT FRANCIS, Respondent, *against* THE NEW YORK STEAM COMPANY, Appellant.

(Decided June 7th, 1886).

In an action for personal injuries to plaintiff, alleged to have been caused by the negligence of defendant, it appeared that defendant had dug a trench in a public street for the purpose of laying pipes, and had constructed across the trench a temporary bridge with a guard rail supported

Francis *v.* New York Steam Co.

by upright planks, one of which was not more than three or four inches from the side of the street cars where they passed the bridge; and that while plaintiff was riding in one of the cars and passing the bridge, his arm was broken. He testified that, at the time of the accident, he was sitting on the south side of the car, his arm resting against the window blind, and the upright plank fell over, striking and breaking his arm. An employé of defendant testified that, immediately after the accident, the upright plank had fallen over toward the north, four or five inches out of perpendicular; that it was held at the foot by one nail only, which was loose, and acted as a pivot on which the plank dangled; and that he saw nothing that could have caused the accident except the plank. The evidence as to whether plaintiff's arm was inside or outside the car, at the time of the injury, was conflicting. *Held*, that the evidence, both on the question of defendant's negligence, and on the question of contributory negligence on the part of plaintiff, was properly submitted to the jury.

It is not negligence, *per se*, on the part of a passenger riding in a street car drawn by horses, to have his arm or elbow out of the window. Whether or not it is negligence depends upon the circumstances.

In an action for damages for the breaking of plaintiff's arm, alleged to have been caused by defendant's negligence, a physician testified that some time after the injury he set the plaintiff's arm, and made some examination of it when removing the splints. *Held*, that a question asking him to state, from his knowledge of the case, how the fracture was caused, was properly excluded, as the answer would have been nothing more than a conjecture.

APPEAL from a judgment of this court entered upon the verdict of a jury and from an order denying a motion for a new trial.

The facts are stated in the opinion.

*J. W. Hawes*, for appellant.

*George W. Lord* and *Nicholas Quackenbos*, for respondent.

ALLEN, J.—The action was brought to recover damages for personal injury caused by the alleged negligence of the defendant. The defendant had dug a trench in Vesey Street for the purpose of laying or making alteration in its pipes. Its employés had constructed across this trench a temporary bridge for the accommodation of the business of the store of Callanan & Kemp. They had also constructed

upon it a guard rail to keep the people using the bridge from falling off, by putting upon each corner of the bridge a plank in an upright position, and running a board across the bridge from one upright plank to another. The upright planks were nailed to the plank of the bridge at the surface of the ground. According to the testimony on the part of the defendant, the upright plank in the corner of the trench was not more than three or four inches from the side of the Sixth or Eighth Avenue cars, when they passed the bridge.

On the morning of June 15th, 1883, the plaintiff was riding in a Sixth Avenue car up Vesey Street towards Broadway, and when the car was passing the bridge his arm was broken. The plaintiff claims that the injury was caused by the falling of one of the upright planks, above referred to, through the window of the car and upon his arm. The defendant contends that the plaintiff's elbow was outside of the car, and came in contact with the plank when the car was passing.

The motion to dismiss the complaint which was made at the close of the plaintiff's case was properly denied.

The defendant insists that there was no proof of negligence on the part of the defendant, or any circumstances attending the accident to the plaintiff from which the presumption of negligence can be fairly raised. We do not think this proposition can be maintained. There was ample proof to carry the case to the jury on the issue of the defendant's negligence. The plaintiff testified that at the time of the accident he was sitting on the south side of the car, reading a newspaper, and had his arm resting against the window blind; the car was going slowly up the hill, and the plank fell over and hit his arm and broke it. Finnen, an employé of the defendant, was near the car when the accident occurred, and reached the spot immediately after the accident, and found that the upright plank had fallen over towards the north, and was four or five inches out of perpendicular; that it was held at the foot of the bridge by one nail only, and that nail was loose and had no hold, and acted as a sort of pivot by which the plank dangled, and

that he saw nothing that could have caused the accident except the plank.    This testimony was sufficient to take to the jury the question whether the defendant, in digging the trench and placing the bridge · upon it, exercised the care and prudence which ordinarily careful and prudent men would have employed under like circumstances.

On the question of contributory negligence there was also sufficient to send the case to the jury.   The burden was upon the plaintiff of showing, either by direct evidence or the surrounding circumstances, that his own want of care did not contribute to the injury.    He has testified as to his position in the car at the time of the accident. He says he was sitting with his elbow resting on the window sill inside the car, reading a newspaper.    Finnen says he was on the south side of the street watching the car as it approached, and would have seen the plaintiff's arm if it had been out of the window.    Clark, another witness, was a passenger sitting opposite the plaintiff and noticed him.   He says he was reading a newspaper, and his arm rested upon the sill of the window; he heard a noise, and saw the plaintiff jump up, and heard him say his arm was broken.    The testimony of the physician shows that there were no bruises, contusion or discoloration on the plaintiff's arm between the elbow and the hand.    This is opposed to the defendant's theory that the arm was outside of the window, and came in contact with the plank.    Two of the defendant's witnesses testified that they saw the plaintiff's arm out of the window a short time before, while the car was in the arch or after it turned into Vesey Street.    It appears, therefore, that there was a conflict of evidence on the issue of the plaintiff's negligence, and it was the duty of the trial judge to leave that question to the jury.

The defendant also moved the court, at the close of the case, to direct a verdict for the defendant.    This motion was made on the grounds presented on the motion to dismiss, and was rightly denied.

There were several exceptions taken to the rulings of the court upon questions of evidence.    Of the exceptions at

folios 107, 108 and 122 it is only necessary to say that the questions objected to were clearly intended to test the truthfulness and honesty of the witness, and were not objectionable upon a cross examination.

The court was right in sustaining the objection at folio 93 to the question addressed to Dr. Morris:

"Q. Now, from your knowledge of the case, how would you say this fracture was caused?"

The witness's knowledge of the case rested upon the fact that, some time after the accident, he set the plaintiff's arm, and made some examination of it when removing the splints. The answer at best would have been nothing more than a conjecture among several suppositions.

The exception at folio 120 does not call for notice.

The other questions in the case arise upon the requests to charge presented by the defendant and upon the exceptions to the charge. A large number of these exceptions present the question whether riding in a street car with an arm or elbow out of the car window is negligence *per se,* or only a circumstance from which negligence may be inferred. The precise question does not appear to have been passed upon in this state, although in other states it has been held not to be negligence *per se* to expose the arm or elbow from the window of a street car drawn by horses (*Miller* v. *St. Louis R. R. Co.,* 5 Mo. App. 471; *Sommers* v. *Crescent State R. R. Co.,* 34 La. Ann. 139).

In this case the judge charged the jury, that "under some circumstances it would not be negligence for a man to put his arm out of the window. For instance, in riding in the open country where there is no danger, there being no obstacles in the way, putting the elbow out of the window might not be careless; but in another case, a case where a car is passing close to vehicles and trees, or to rocks, or in going through a tunnel, if you put your arm out of the window under such circumstances, it is a negligent act. . . . The question, therefore, is, whether Mr. Francis had his arm out, and if he had, whether he exercised the part of a man of ordinary prudence in putting it out at that place.

If you should come to the conclusion that he did have his arm out of the window, and that it was careless for him to *do so*, that is the end of the case."

We are of opinion that this instruction presents the question fairly and correctly ; that to have the arm out of the window of a street car is not negligence *per se*, and whether or not it is negligence depends upon the circumstances of the case. If the car was passing through the crowded street of a large city, exposing the elbow from the window of a car would certainly be a circumstance or fact from which the jury would have a right to infer negligence or want of care. When the judge instructed the jury that it would be a negligent act for a passenger to have his arm out of the window when the car was passing close to vehicles, and so forth, he in substance charged the jury that, if the plaintiff's arm was out of the window in this car at Vesey Street, he was negligent and could not recover. In *Holbrook* v. *Utica & Schenectady R. R. Co.*, (12 N. Y. 236, 244), the judge charged the jury that it was for them to say whether the plaintiff's elbow was out of the car at the time of the injury, and if it was, it was a circumstance or fact from which they might infer negligence or want of ordinary care on her part. The judge was then requested to charge "if the jury found that the plaintiff's arm or elbow was outside of the window of the car it was an act of negligence, and she could not recover." The judge refused to charge on that subject other than he had charged. The judges of the Court of Appeals were unanimously of the opinion that the judge had already charged the jury substantially in conformity with the request, and affirmed the judgment.

The defendant also excepted to a part of the charge which instructed the jury that if the plaintiff's arm was inside of the car, as he had testified, there was no ground for saying that he was negligent. We see no error in this. If the plaintiff's body was entirely within the car, it is difficult to see how he can be charged with negligence as between him and a wrong-doer outside of the car. The

plaintiff, if he was entirely within the car, had no duty imposed upon him of looking out for danger from the acts of persons outside of the car.

A careful examination of the remaining exceptions has satisfied me that they do not call for any special notice.

The charge of the judge covered all the questions in the case, and we think they were all carefully and properly submitted to the jury.

The judgment must be affirmed, with costs.

BOOKSTAVER, J., concurred.

Judgment affirmed, with costs.