FREDERICK SCHROEDER, Defendant in Error, v. JOHN H. MILLER, Plaintiff in Error.

### St. Louis Court of Appeals, April 2, 1889.

Practice, Trial: VACATING JUDGMENT. There was no error in the trial court's refusal to vacate, on motion, a judgment regularly entered, because of the defendant's showing that the plaintiff had orally agreed with him to dismiss the suit at his own costs.

*Appeal from the St. Louis City Circuit Court.*—HON. GEORGE W. LUBKE, Judge.

AFFIRMED.

*Mortimer F. Taylor* and *R. L. McLaran*, for the plaintiff in error.

The court erred in not setting aside the judgment by default under the facts disclosed by the affidavits in this case. *Obermeyer v. Einstein*, 62 Mo. 341 ; *Cooney v. Murdock*, 54 Mo. 349 ; *Castlio v. Bishop*, 51 Mo. 162. The court erred in holding itself bound by rule 9 of the

practice of the circuit court of the city of St. Louis, and for refusing to exercise or use any discretion in the matter to set aside the judgment by default. *Saulsbury v. Alexander*, 1 Mo. App. 209.

*W. E. Fisse*, for the defendant in error.

It appears from the transcript that no motion for a new trial was ever filed by the defendant in this cause, consequently there is nothing for this court to review. *State ex rel. v. Hitchcock*, 86 Mo. 231 ; *Bank v. Allen*, 68 Mo. 47. The affidavits filed in support of the motion to set aside the judgment do not show that the defendant had any defense whatever to the action, and are therefore insufficient. *Castlio v. Bishop*, 51 Mo. 162 ; *Obermeyer v. Einstein*, 62 Mo. 341 ; *Biebinger v. Taylor*, 64 Mo. 63 ; *Pry v. Railroad*, 73 Mo. 123 ; *State v. Claudins*, 3 Mo. App. 561 ; *Cowen v. Bircher*, 5 Mo. App. 577. The action of the court in applying its rule of practice to the particular case was proper, and did not amount to an abuse of its discretion and authority.

ROMBAUER, P. J., delivered the opinion of the court.

The plaintiff recovered a judgment by default and final judgment against the defendant, on a promissory note executed by the latter, on April 5, 1888, being the third day of the return term, and caused execution to be issued on the judgment forthwith.

On April 10, the defendant filed his motion to vacate the judgment and quash the execution, supporting his motion by affidavits to the effect that the plaintiff, in consideration of part payment made to him after the institution of the suit, had agreed not to prosecute the suit, but to dismiss it at his own costs. The defendant filed a counter affidavit denying the fact.

The court overruled the motion, as the bill of exceptions states, because it held itself bound by its own rule 9, which provides :

" No agreement, understanding, or stipulation of parties or attorneys concerning practice or proceedings

in a pending cause, will be enforced therein unless in writing filed therein or made in open court.''

The defendant thereupon sued out this writ of error.

The reason assigned by the court for its action was not decisive. The rule is unquestionably a wise one, as it saves the court the often difficult task of deciding controverted questions of fact, relating to proceedings before it, upon *ex parte* affidavits. At the same time the court might have, if so inclined, legally vacated the judgment at any time during the term, notwithstanding its own rule, if the purposes of justice required it. *Saulsbury v. Alexander*, 1 Mo. App. 209.

The reason for the court's action, however, is immaterial as such action itself was clearly right. The defendant does not pretend to claim, that he had any defense whatever to the note, or that the judgment is excessive. The facts stated in the defendant's affidavit, if true, constituted no defense whatever, *Bircher v. Payne*, 7 Mo. 462; *Bond v. Worley*, 26 Mo. 253; *Bridge v. Tierman*, 36 Mo. 439.

Judgment affirmed. All the judges concur.