## L. V. HARKNESS et al., Appellants, v. FRANK JARVIS et al., Respondents.

### Kansas City Court of Appeals, January 20, 1902.*

1. **TRIAL PRACTICE: Judgment by Default: Motion to Set Aside: Subsequent Term: Continuance: Jurisdiction.** A motion to set aside a judgment by default filed more than four days after the judgment entry and not reached during the term, carries the case over to the next term without general or special orders of continuance and gives the court jurisdiction at such term to set the judgment aside.

2. ——:——:——:——:——:——. Head v. Randolph, 83 Mo. App. 284, disapproved.

3. ——:——:——: **Discretion of Court: Appellate Practice.** The trial court has large discretion in acting on motions to set aside judgments by default and the appellate court is less apt to interfere with such discretion when the judgment is set aside than when it is not.

Appeal from Jackson Circuit Court.—*Hon. John W. Henry,* Judge.

REVERSED AND CERTIFIED TO THE SUPREME COURT.

*J. C. Williams* and *L. A. Laughlin* for appellants.

*H. S. Hadley* for respondents.

ELLISON, J.—Plaintiff brought this action returnable to the January, 1901, term to recover judgment on a promissory note. There was personal service on defendants but when the case was called for trial at said January term, defendants did not appear, neither did they file an answer. Judgment was rendered for plaintiff by default. After the expiration of

*Received by the Reporter April 13, 1905. See 182 Mo. 231, for briefs and opinion.

the four days' time allowed for motions for new trial
and in arrest of judgment, but at the same term, the
defendants filed a motion to set aside the judgment for
reasons therein alleged. The motion was not acted on
by the court at that term, but went over to the following
April term, without any special order of continuance.
At the latter term the motion was sustained and plain-
tiffs have appealed.

The plaintiffs challenge the power of the circuit
court to set aside the judgment on the motion afore-
said, made at a subsequent term. They agree that the
court had the power to do so at any time during the
term. And that though the motion was filed more than
four days after the judgment, if the court had taken it
up during the term and continued it, such action would
have carried it over to the succeeding term with power
in the court to act upon it. But they contend that not
having been taken up and continued, the court's power
ended with the term. They are sustained in this view
by the majority opinion of the St. Louis Court of Ap-
peals in Head v. Randolph, 83 Mo. App. 284, Judge
Biggs dissenting. We find ourselves in disagreement
with that court. The Supreme Court held that a mo-
tion to set aside a judgment filed more than four days
after it was rendered, but at the same term, may be
continued to a succeeding term and then decided.
[Childs v. Railroad, 117 Mo. 414, 425.] So, therefore,
the only question for us to decide is whether a motion
filed during the term but more than four days after the
judgment, and not reached or acted on, is continued
over to the next term of court in the absence of its
being called up and continued over, or of a general
order of continuance. It is undeniable that the legal
right exists to file the motion during the term after the
four days' limit. It becomes a part of the proceeding
in the case and the fact that it remains undisposed of
at the end of the term, must show that it was intended
to be carried over to the next term. If pending cases

are not continued by special order and no general order is made, no one would suppose that such actions would abate. The practice in this State has been to continue docketing such cases in such instances, until disposed of. So a motion for new trial which is undisposed of is continued over to succeeding terms without either a special or general order. [Givens v. Van Studdiford, 86 Mo. 149; St. Francis Mill Co. v. Sugg, 142 Mo. 364.] It being clear that a cause undisposed of and a motion for new trial filed within four days and undisposed of, are each continued to the succeeding term without an order, it ought to be equally clear that no order is necessary to carry over an undisposed of motion for new trial filed without the four days. The court has no power to pass on either motion at a subsequent term except by force of the continuance, and we cannot see why a continuance would be allowed without an order in the one and denied in the other. If it be conceded that the court has the power to continue a motion filed after the four days by taking it under advisement until the next term, it must follow that the motion can be continued without being under advisement, for if it is a question of power the court cannot, of course, hold a matter under advisement beyond the period in which it has the power to act. The whole matter, it seems to us, is this: the continuance to a subsequent term carries along the power to act at that term, and such continuance is had when the motion is undisposed of, without an order either general or special. [Authorities supra.]

There need be little said on the merits of the motion. The Supreme Court has many times stated and enforced the proposition that large discretion rests with the trial court in acting on motions to set aside judgments by default. [Bank v. Armstrong, 92 Mo. 265, 280, and authorities cited.] And it has been said that it is less apt to interfere with such discretion where the judgment is set aside than when it is not. This for the

reason that when set aside, the case is yet open and that justice will yet be done. [Helm v. Bassett, 9 Mo. 55.] And the courts of appeals have followed this view. [Longdon v. Kelly, 51 Mo. App. 572; Ensor v. Smith, 57 Mo. App. 584.] The record in this case does not disclose anything whereby we can be justified in saying that the discretion was abused.

But our decision on the first point being contrary to that of the St. Louis Court of Appeals in Head v. Randolph aforesaid, we order the case certified to the Supreme Court as required by the Constitution. All concur.