W. L. MOORE, Respondent, v. W. W. DAWSON, Appellant.

In the Kansas City Court of Appeals, April 3, 1922.

1. JUDGMENT: Default Judgment May be Set Aside at Subsequent Term, on Motion Filed at Same Term Judgment Was Rendered, if Circumstances Warrant, Though an Agreement to That Effect Should Have Been in Writing Under Rules of Trial Court.  Where a motion to set aside a default judgment was filed at same term, the judgment was rendered and no action taken thereon at said term, the motion carried the whole matter over to the next term and gave court jurisdiction at the subsequent term to set aside the judgment if the circumstances warranted, though an agreement between counsel that an answer might be filed later was not in writing as required by rules of trial court.

2. ———: Court Erred in Overruling Motion to Set Aside Default Judgment on Theory That an Agreement of Counsel Consenting

Thereto Should Have Been in Writing as Required by Court Rules. Where plaintiff's counsel agreed on account of illness of defendant's attorney to continue all cases in which he was interested, the defendant was entitled to have the judgment set aside, even if, by mistake, the particular case was not specifically mentioned in the agreement, especially where the motion to set aside the judgment alleged defendant had a good and valid defense, and the facts showed defendant was not negligent and there was no bad faith, lack of diligence or any other manifestation of a disposition on the part of any one to trifle with the case.

Appeal from the Circuit Court of Holt County.—*Hon. Alonzo D. Burnes,* Judge.

REVERSED AND REMANDED.

*S. F. O'Fallon* and *R. B. Bridgeman* for respondent.

*Frank Petree* for appellant.

BLAND, J.—This is a suit upon a promissory not in the sum of $500. The suit was filed on the first day of May, 1920, returnable to the May term of the circuit court which began on May 17th. On the day the petition was filed summons was issued and returned showing personal services. On the second day of the May term an interlocutory judgment by default was entered for plaintiff; on the 14th day of the May term defendant filed his motion to set aside the judgment by default, alleging, among other things, that after the service of summons upon him he employed Frank Petree, an attorney, to represent him' and was informed by his attorney that the case was not triable to the May term and that an arrangement had been made for an answer to be filed after said term; that he relied upon the representations of said attorney and made no other arrangements in said cause, "wherefore defendant asks that default be set aside and that he be premitted to file answer in said cause, which answer he tenders now to the court." The answer tendered was a general denial. The affidavit of Frank Petree was filed in support of this motion, which

stated that after his employment in the suit and before the beginning of the May term, it became apparent to him that on account of his health it would be impossible for him to look after any cases at the May term and arrangements were made with attorneys on the opposite sides of the cases in which he was interested that such cases should be continued; that he talked to one of the attorneys for plaintiff and asked him if he was expecting to try this case and that said attorney said he was not for the reason that the "service was only fifteen days, that the case would not be tried until the next term of court;" that it became necessary for him to go away on a vacation on account of the condition of his health and that he asked the attorney for plaintiff if he could file an answer in the case later as the affiant desired to get away as soon as possible, and that said attorney agreed; and that on the first day of the May term affiant, thinking that he had "arrangements made in regard to all of his cases, including this case, was engaged in making his arrangements to get away;" that when the case was called upon the second day of said term opposing counsel forgot the arrangement and took judgment by default.

The affidavit of counsel for plaintiff states that there was no arrangement had with Mr. Petree in regard to continuing this case; that he did have an arrangement with Mr. Petree in regard to some other cases but that this case was not on the docket at the time the arrangement was made and, at the time he took judgment by default, he did not know that Mr. Petree was representing the defendant; that he at no time made any arrangement with Mr. Petree for additional time to file an answer.

The motion remained undisposed of until the October term of court when the court entered judgment overruling the motion on two grounds; first, "that under the rules of the court all arrangements shall be in writing, that the alleged agreement not being in writing, and the attorneys for plaintiff and defendant not being in

agreement in regard to the terms of said agreement, the alleged agreement cannot be considered by the court;'' second, the court had no jurisdiction to sustain the motion on account of the fact that the term in which the judgment by default was rendered had passed. The court also stated that he took cognizance of the fact that at the time the default was taken Frank Petree, attorney for defendant, ''was in such condition physically that he was not able to try any of his cases and most of them were continued by agreement.''

It is contended that the court abused its discretion in refusing to sustain the motion to set aside the judgment by default. It is admitted that the court under the facts had jurisdiction to sustain the motion at a subsequent term to the rendition of the judgment but plaintiff insists upon the validity of the first reason assigned by the court. It is stated in Adams v. Hickman, 43 Mo. 168, 171, ''A meritorious defense and a reasonable degree of diligence in making it is all that is necessary to establish, in order to justify the setting aside of the interlocutory judgment.'' The rule requiring all agreements, such as the one herein alleged to have been made, to be in writing, is a wise one and obviates the difficulty of deciding disputes upon ex parte affidavits. It is held that the court may disregard its own rules if the purposes of justice require it. [Schroeder v. Miller, 35 Mo. App. 227, 229; Saulsbury v. Alexander, 1 Mo. App. 209, 210.] The appellate court is loath to interfere with the action of the trial court in enforcing its own rules. It is stated in the case last cited, ''The authority which makes the rule can suspend its operation under the special circumstances of a particular case. Matters of this kind are necessarily left to the discretion of the court which tries the case.''

While the point is not made directly in appellant's brief that the court could have sustained the motion notwithstanding the rule, it is suggested in the argument, by inference at least, that this should have been done, as the

court stated that it took notice that the attorney for defendant was in such condition physically that he was not able to try any of his cases, and defendant says no possible harm could have come to plaintiff by the setting aside of the judgment and permitting defendant to answer; that, at most, the record discloses that there was a mere misunderstanding between counsel as to what was to be done in this particular case. There is nothing appearing in the record to show that notwithstanding the condition of the health of defendant's attorney he could not have complied with the rule of the court that the agreement should be in writing. He was able to procure an oral one, so he claims. There is nothing in the record to show as to what the expense and inconvenience, if any, that plaintiff was put to in obtaining the judgment. [Colter v. Luke, 129 Mo. App. 702, 707.] The trial court in the exercise of the discretion vested in it in reference to these matters could have well found that the failure to comply with the rule of the court under the circumstances showed a lack of diligence on the part of counsel for defendant. [Edwards v. Watkins, 17 Mo. 273; Palmer v. Russell, 34 Mo. 476; Pry v. Railroad, 73 Mo. 123; Lamb v. Nelson, 34 Mo. 501; Colter v. Luke, supra.] "There is no distinction between the negligence of a party to an action and that of his attorney." [Hoffman v. Loudon, 96 Mo. App. 185, 189.]

I think the judgment should be affirmed but my associates do not concur in this conclusion. The judgment is therefore reversed and the cause remanded.

TRIMBLE, P. J. (dissenting).—The view I take of this case compels me to dissent from the conclusion reached by Judge BLAND. The motion sets out that defendant has a good and valid defense to the cause of action stated in plaintiff's petition, the defense being that defendant never borrowed and never agreed to pay plaintiff the sum of $500, or any other sum.

The defendant was in no wise negligent. The moment he was served with summons, he employed an at-

torney. Nor was there bad faith, lack of diligence or any other manifestation of a disposition on the part of any one to trifle with the case. There is no question but that defendant's attorney was ill, and, as the court found, "was in such condition physically that he was not able to try any of his cases."

The judgment overruling the motion to set aside the default does state that "under the rules of the court all agreements shall be in writing, and the alleged agreement not being in writing, and the attorneys for the plaintiff and defendant not being in agreement in regard to the terms of said agreement, the alleged agreement cannot be considered by the Court." And then, after stating that the attorney was ill, as above set forth, the judgment further recites: "The Court, however, holds that he has no jurisdiction to sustain the motion to set aside said judgment of default at this term of court in the absence of any agreement, for the reason that the term of court at which such judgment of default was rendered, has expired." As the motion to set aside was filed at the same term the default judgment was rendered and no action taken on the motion at that term, the motion carried the whole matter over to the next term and gave the court jurisdiction at the subsequent term to set the judgment aside, if the circumstances warranted it. [Harkness v. Jarvis, 110 Mo. App. 277, s. c. 182 Mo. 231; Dower v. Conrad, 232 S. W. 174.] Indeed, jurisdiction to set it aside at the later term in conceded.

The judgment on its face clearly shows that the reason the court refused to set aside the default judgment at the subsequent term was because the court was under the impression that he had no power to set aside the same at the later term since, under the rules, he could not *consider the agreement*, it not being in writing. But the court did have such jurisdiction, if the circumstances warranted it. The court could and should have considered those circumstances and not refused to con-

sider that an agreement was made, for the facts stated in opposing counsel's affidavit show that *there was an agreement* to continue, on account of the attorney's illness, not merely *certain* of his cases, but the other cases in which he was interested, for they went over the docket and agreed to continue them, but the contention is that as this particular case was not mentioned, there was no agreement as to it. The most that can be said about the matter is that both parties *thought* they were agreeing to continue *all* of the sick attorney's cases; and whether this particuar case was specifically considered or not, makes no difference. Even if it turned out that, by mistake, this particular case was not specifically mentioned, this should not exclude it from the operation and effect of the agreement. The very best that can be said against the agreement is that there was a misunderstanding between the attorneys as to this particular case, that is, in the sense that the sick attorney thought it was specifically included, while the opposing counsel did not know it was even eligible for inclusion, as he did not know it was the sick attorney's case. Under the circumstances the defendant was entitled to have the default set aside. No injustice could have come to plaintiff by setting aside the default while very grave injustice may be done defendant if he is not permitted to make his defense. In my view of the matter, there are present none of the elements upon which the appellate courts have justified the refusal to set aside a default, while, on the contrary, the situation and the conceded circumstances herein call for the sustaining of the motion. [Perkins v. Travis, 94 S. W. 730, 731; Citizens Bank of Pomona v. Martin, 171 Mo. App. 194, 200; Scott v. Smith, 133 Mo. 618, 624.] ARNOLD, J., concurs.