DAN HEAD, Appellant, v. ED. M. RANDOLPH, Respondent.

St. Louis Court of Appeals, February 27, 1900.

1. **Practice, Trial:** MOTION FOR NEW TRIAL: JUDGMENT: TERM OF COURT. A trial court may set aside a judgment for cause and grant a new trial, even though the motion was filed out of time, if done before the adjournment of the term at which judgment was rendered.

2. ———: ———: ———: JURISDICTION. But after lapse of the term, the court loses jurisdiction over the cause and has no authority to set aside judgment.

3. ———: ———: ———: ———. To carry a cause over from one term to a succeeding one, on a motion for a new trial, the motion must have been filed within the statutory period allowed for filing the same, to-wit, within four days from the rendition of the judgment.

4. ———: ———: ———: CONTINUANCE. Where a motion for a new trial and the affidavits in support are simply filed, and no order continuing the motion is made by the court, there is in contemplation of law nothing filed, and nothing done to continue the jurisdiction of the cause.

Head v. Randolph.

Appeal from the Knox Circuit Court.—*Hon. Edwin R. McKee*, Judge.

REVERSED.

*L. F. Cottey* for appellant.

(1) It must be remembered that there was no motion for review, nor in arrest, filed in this case. The integrity of the judgment was not questioned by the so-called motion for a new trial. Nothing is better settled than that, after the term at which a final judgment is rendered, the court can not interfere with it, except for an irregularity in the judgment. It would hardly seem necessary to cite authorities in support of this proposition. However, I will submit the following: Ashby v. Glasgow, 7 Mo. 320; Hill v. St. Louis, 20 Mo. 584; Brewer v. Dinwiddie, 25 Mo. 351; Williams v. Judge, 27 Mo. 225.

*F. H. McCullough* for respondent.

(1) It will appear from the record and evidence in the cause that the appellant by his attorney of record, Mr. L. F. Cottey, entered into an implied agreement which is in entire conformity with the action of the court. Appellant now seeks to escape the effect of that agreement. The trial judge in his statement very fully and explicitly shows the reason for his action. Appellant's attorney accepted the judgment on those terms and did not at the time object to such proceeding on the part of the court, and he can not now be heard to complain, his silence and acquiescence at the time of the rendition of the judgment, under the conditions as stated by the court, certainly constitute an implied agreement from which he can not now escape. (2) The trial court had the right on his own motion, to grant the respondent a new trial and there is no limit of four days in which that action must

be taken. It can be done at any time during the term, or on proper application the cause may be continued and such action taken at a subsequent term, as was done in this cause. Wight v. Railroad, 20 Mo. App. 481; Ensor v. Smith, 57 Mo. App. 584.

BLAND, P. J.—Suit is on a promissory note. Defendant filed an answer at the December term, 1897, and the cause was continued to the succeeding term (June, 1898) on the motion of defendant. At the June term there was a mistrial and the cause went over to the December term, 1898, on the motion and at the cost of defendant, with leave to defendant to file an amended answer. At the December term, 1898, and on the eighth day of the month, the cause was called for trial. The defendant had not filed an amended answer, and was not present. His attorney, when the case was called, stated to the court, that the defendant was certainly sick, or for some other good and sufficient reason was prevented from attending the trial, and asked that the case be passed. Thereupon the court announced that the case would not be passed, but if the matter suggested by the counsel should prove to be true, the judgment would be set aside. Whereupon the cause was submitted to the court without objection, and judgment was rendered for plaintiff. On December 20—twelve days after the rendition of the judgment—defendant appeared and filed his motion for a new trial, on the ground that he had a good defense to the plaintiff's cause of action, and that he was unable to attend the trial on account of his illness. In support of the motion the defendant's attorney on December 22 made and filed his affidavit stating that "defendant was prevented from attending said term on account of sickness, and that affiant believes defendant had a just and proper defense to plaintiff's cause of action, and that on account of defendant's sickness affiant

was unable to communicate with him and file an amended answer in said cause, not being able to learn the facts upon which defendant relied." On the following day the attorney for defendant filed his second affidavit, setting out in detail the facts constituting the defense. Nothing further was done, nor were any further orders made in the cause during the December term. At the succeeding June term, 1899, the defendant appeared and filed a certificate of a physician that "he was sick during the month of December, 1898, and unable to attend to business." Afterwards during the term, the motion for rehearing was taken up and by the court sustained, on the first and third grounds stated in the motion, to wit:

First. "Because the defendant was unable to be present at the December term of said circuit court on account of sickness of the defendant.

Third. "Because it was necessary for the defendant to be present at the trial of said cause in order to make a proper defense thereto, and defendant was sick and unable to be present at said trial, at any time during the said December term, A. D. 1898, of this court."

Plaintiff appealed.

A trial court has the undoubted authority at any time during the term at which a judgment was rendered, if the trial judge believes a fair trial has not been had, or for any cause there has been a failure of justice, to set aside the judgment and grant a new trial, of its own motion, or on a motion for new trial. Scott v. Smith, 133 Mo. 618; Ensor v. Smith, 57 Mo. App. 585; Wight v. Railroad, 20 Mo. App. 481. And it may set aside a judgment for cause and grant a new trial, even though the motion was filed out of time, if done before the adjournment of the term at which the judgment was rendered. Nelson v. Ghislin, 17 Mo. App. 663; McLaran v. Wilhelm, 50 Mo. App. 658; Anderson v. Per-

Head v. Randolph.

kins, 52 Mo. App. 527; Martin v. Tobacco Company, 53 Mo. App. 655.   But after the lapse of the term, the court loses jurisdiction over the cause and has no authority to set aside the judgment.   Danforth v. Lowe, 53 Mo. 217; Childs v. Railroad, 117 Mo. 414; State ex rel. v. Harper, 56 Mo. App. 611; Orvis v. Elliott, 65 Mo. App. 96.   To carry a cause over from one term to a succeeding one, on a motion for new trial, the motion must have been filed within the statutory period allowed for filing the same, to wit, within four days from the rendition of the judgment.   Childs v. Railroad, *supra*.   Had the motion filed in this case been taken up and submitted and taken under advisement by the court until the succeeding term, there would be no question as to the regularity of its proceeding.   But this was not done.   The motion for new trial and the affidavits in support, were simply filed—not even an order continuing the motion was made by the court, so there was nothing filed, nothing done at the December term, 1898, to continue the jurisdiction of the court over the cause to the succeeding June term.   We therefore conclude that when the order was granted sustaining the motion for a new trial, the court was without jurisdiction to make the order, and reverse the judgment.   Judge *Bond* concurs.   Judge *Biggs* dissents.

### DISSENTING OPINION BY JUDGE BIGGS.

The question presented for decision by the record in this case is not free of difficulty.

After the expiration of four days from the trial the defendant could not as a matter of right insist on a retrial. Therefore the motion filed by him, which is called a motion for a new trial, could only be treated by the circuit court as a suggestion to it that injustice had been done the defendant in the rendition of the judgment, and that the same ought to

Head v. Randolph.

be set aside and a new trial awarded. It is in the power of every court of general jurisdiction to correct an error in its proceedings, or for good cause set aside any order, judgment or decree, if done at the term at which such judgment or decree is entered. In the application of this general rule it has been held in this state that the circuit court may, on its own motion, or at the suggestion of the aggrieved party, grant a new trial in a cause, except for causes expressly prohibited by statute. State v. Adams, 84 Mo. 310; Richmond v. Wardlow, 36 Mo. 313; Williams v. Court, 5 Mo. 248.

In the case at bar I think that the facts justified the order of the court granting the new trial, and there would be no difficulty in affirming the judgment if the order had been made at the term at which the judgment was rendered. But it is earnestly argued by counsel for appellant that the right to make the order expired with the term at which the judgment was rendered. The right of the defendant to make the suggestion is recognized in Williams v. Court, *supra*, but, as it was there held, it was optional with the court whether the matter would be considered. Hence the suggestion that the defendant's motion was unauthorized and could in no way be recognized, is not tenable. In the absence of a record entry showing adverse action on the motion at the term it was filed, and that the court, at the succeeding term, entertained and sustained it, I think the conclusion or presumption is justified that it was taken under advisement by the court and therefore was carried over to the next term under the usual order continuing all unfinished business of the term. The general rule is that all reasonable presumptions must be indulged in favor of right action in judicial proceedings. Under this view I think the judgment of the circuit court granting a new trial ought to be affirmed and the cause remanded for further proceedings.