LAURA HESSE, Appellant, v. JOHN SEYP, Respondent.

### St. Louis Court of Appeals, March 4, 1901.

1. **Practice, Trial:** MOTION FOR NEW TRIAL: NEWLY-DISCOV-
   ERED EVIDENCE: AFFIDAVITS IN SUPPORT OF MOTION
   FOR NEW TRIAL. When one of the   grounds in a motion for
   new trial is the discovery of new and material evidence that would
   probably change the result, it is good practice, on a proper showing,
   to grant leave to file affidavits in support and counter ones within
   a given time, which may be beyond four days from the date of the
   trial.

2. ———: ———: ———.  But where the motion filed does   not
   state, as a ground for a new trial, the discovery of new evidence,

Hesse v. Seyp.

there is nothing before the court upon which to predicate leave to file affidavits of newly-discovered evidence or the affidavits of discovered witnesses.

3. ————: MOTION FOR NEW TRIAL, AMENDMENT OF: STATUTORY CONSTRUCTION. A motion for a new trial can not be amended after the expiration of the four days allowed in which to file it.

4. Contract of Marriage: INSTRUCTION: PLEADINGS. Where, in a suit for a breach of a contract to marry, the petition alleged that the defendant agreed to marry plaintiff on the twenty-fifth day of December, 1899, and the answer admitted that defendant agreed to marry plaintiff, but denied that any time was ever fixed for said marriage, the pleadings raise an issue of fact as to the time of marriage, and instruction submitting this issue to the jury was proper.

5. Practice, Trial: JURISDICTION OF COURT IN GRANTING NEW TRIAL. Courts having common-law jurisdiction possess the inherent power to set aside their judgments at any time during the term at which they were rendered, with or without motion, where the judge is of the opinion that, for any reason, an injustice has been done or a fair trial was not had.

6. ————: ————: ————: PRACTICE, APPELLATE. And when this discretionary power has been exercised, appellate courts will not interfere with it unless it has been arbitrarily and oppressively used.

Appeal from Clark Circuit Court.—*Hon. Edwin R. McKee,* Judge.

AFFIRMED.

*Berkheimer & Dawson* for appellant.

(1) The seventh instruction was predicated on the fact and on the count that the defendant, before the day set for the consummation of the marriage, absolutely refused to marry the plaintiff. One who contracts to marry at a future day, and before that day arrives refuses to perform the contract, at any

time is instantly liable to an action for breach of the contract. Holoway v. Griffeth, 32 Iowa 409; Crabtree v. Messersmith, 19 Iowa 179; Burtis v. Thompson, 42 N. Y. 246. This instruction was not given to cover the whole case, but only one issue, which can be done and is not error. Daugherty v. Railroad, 97 Mo. 647; Muchlhausen v. Railroad, 91 Mo. 332; Fletcher v. Milburn Manf. Co. 35 Mo. App. 321. Instructions which are in themselves correct will not afford ground for reversal because they authorize a verdict for plaintiff on his theory of the case without embracing in the same instruction, facts constituting the defendant's theory. (2) The court erred in overruling the motion of the plaintiff to strike out all of the affidavits filed by the defendant in support of motion for a new trial, for the reason there was no grounds or reasons alleged or contained in said motion for a new trial based on the grounds of newly-discovered evidence, ar d all of said affidavits were filed more than four days from the rendition of said verdict (in fact nearly one month thereafter). Motions for a new trial addressed to the trial court, should be specific, and no reason not specified shall be urged in support of said motion). Vanstine v. Goodwin, 42 Mo. App. 39; Alexander v. Railroad, 54 Mo. App. 66; Huppert v. Weisgerber, 25 Mo. App. 95; Stone v. Wolfskill, 59 Mo. App. 441. (3) The court of its own motion could not set aside a verdict for causes authorized by the statute prior to the enactment of the statute of 1891 (Laws of 1891, page 70), which first conferred the right of appeal from an order granting a new trial, the discretion of the trial court in vacating its own judgments during the term was only subject to review when such discretion was arbitrarily or oppressively exercised. But since the enactment of the statute, that discretion is subject to review as any other order. Morris v. Morris, 60 Mo. App. 86; Murphey v. Derrance, 23 Mo. App. 337.

Hesse v. Seyp.

*J. A. Whiteside* and *T. L. & S. J. Montgomery* for respondent.

(1) Instruction No. 7, as asked by the plaintiff, directed the jury that if they should believe from the evidence that the contract of marriage was to be consummated during the month of December, 1899, and that defendant, before said date, failed and refused to marry the plaintiff, they should find for the plaintiff. The instruction was based solely on the allegation in the petition supported by the plaintiff's evidence alone, and denied by the defendant, and excluded from the consideration of the jury the defendant's defense. The instruction entirely ignored the issues made by the pleadings. The giving of the same constituted error, which justified the court in granting a new trial. Laughlin v. Gerardi, 67 Mo. App. 372; Jacquin v. Grand Ave. Cable Co., 57 Mo. App. 335; Welsh v. Edmisson, 46 Mo. App. 287; McDonald v. Railway, 32 Mo. App. 75, and cases cited. (2) The court had a right to grant a new trial on its own motion, in furtherance of justice, if for any reason he believed an injustice and wrong had been done. Head v. Randolph, 83 Mo. App. 287; Scott v. Smith, 133 Mo. 618-22; Wight v. Railroad, 20 Mo. App. 481.

BLAND, P. J.—The appeal is from an order of the circuit court of Clark county granting a new trial. The jury awarded plaintiff $750 actual and $250 exemplary damages. Within four days after the finding of the verdict, the defendant filed his motion for new trial. During the same term, but one month after the motion was filed, defendant by leave of court filed the affidavits of himself and attorney of record, setting up that since the trial and after filing the motion for new trial, the defendant had discovered new and valuable testimony, and filed in support of these affidavits, the affidavits of

fifteen other persons to the effect that the moral character of plaintiff was bad. Plaintiff moved to strike out these affidavits, but the motion was overruled and the court sustained the motion on the following grounds, to-wit: "The court is of the opinion that it erred in giving instruction No. 7 on the part of the plaintiffs, and the court is further of the opinion, formed from the facts revealed from the affidavits filed and presented subsequent to the trial, that a wrong and injustice has been done the defendant and for that reason the court should, upon its own motion, set aside the judgment. Therefore, the motion for a new trial is sustained and for the above specified reasons the judgment of the court is set aside and a new trial granted the defendant, he being required to pay all costs occasioned by the trial had at the present term of this court."

When one of the grounds in a motion for new trial is the discovery of new and material evidence that would probably change the result, it is good practice, on a proper showing, to grant leave to file affidavits in support, and counter ones within a given time, which may be beyond four days from the date of the trial. The motion filed in this case did not state, as a ground for new trial, the discovery of new evidence, and there was, therefore, nothing before the court, upon which to predicate leave to file affidavits of newly-discovered evidence or the affidavits of the discovered witnesses. The affidavits of defendant and his attorney seem to have been treated as an amendment of the motion. That the motion can not be amended after the expiration of the four days allowed in which to file it, is well stated by Judge BURGESS in the case of Mt. Vernon Bank v. Porter, 148 Mo. at pages 183-4. Therefore, the attempt to ingraft the affidavits of defendant and his attorney on the motion for new trial as an amendment thereto, was a palpable violation of the statute, which requires motions for new trial to be filed within four days of the trial, and the motion filed

by defendant to strike out these affidavits and the affidavits of the witnesses in support, should have been sustained.

II. Instruction No. 7 given for plaintiff, and which the trial court adjudged erroneous, directed the jury, "that if they should believe from the evidence that the contract of marriage was to be consummated during the month of December, 1899, and that defendant, before that date, failed and refused to marry the plaintiff, they should find for the plaintiff." The suit was for a breach of a contract to marry. The first count in the petition alleged that defendant agreed to marry plaintiff on the twenty-fifth day of December, 1899. The answer admitted that the defendant agred to marry plaintiff, but denied that any time was ever fixed for said marriage. Admitted that he (at the time of filing his answer) declined to marry plaintiff, and pleaded several matters in mitigation of damages. The plaintiff swore that defendant agreed to marry her on December 25, 1899. Defendant swore that no time was ever fixed for the consummation of the marriage contract. The pleadings raised a square issue of fact as to the time agreed upon for the marriage, and there was a sharp conflict in the evidence of plaintiff and defendant on this issue, which the instruction (No. 7) squarely and correctly submitted to the jury. The contention that the instruction ignored the defense is not borne out by the pleadings. The defense was that no time for the marriage was ever fixed by the parties to the contract. All other allegations of the answer are in mitigation of damages, and there was nothing in the defense from which to qualify or modify the instruction.

The court, from the affidavits filed subsequent to the trial, was of the opinion that a wrong and injustice had been done and for that reason was of the opinion that the court should, upon its own motion, set aside the judgment. Thus it appears that the court, independently of the motion for new trial and

from facts within its own breast, was moved to set aside the judgment and grant a new trial on the ground that the court was of the opinion an injustice had been done. · It is a well-settled law that courts having common law jurisdiction, possess the inherent power to set aside their judgments at any time during the term at which they were rendered, with or without motion, where the judge is of the opinion, that, for any reason, an injustice has been done or a fair trial was not had.    Head v. Smith, 83 Mo. App. 287, and cases cited.    And when this discretionary power has been exercised, appellate courts will not interfere with it, unless it has been arbitrarily and oppressively used.    Scott v. Smith, 133 Mo. 618; Rottman v. Schmucker, 94 Mo. 143; Nelson v. Ghiselin, 17 Mo. 665.    There is no indication that the exercise of this power was arbitrarily or oppressively exercised by the court in this case, and ·we affirm the judgment.    All concur.