# HARKNESS et al., Appellants, v. JARVIS et al.

## Division Two, May 31, 1904.

1. **JUDGMENT BY DEFAULT: Motion to set Same Aside: Within Four Days.** A motion to set aside a judgment by default is not a motion for a new trial and can not be so treated. The statute requiring a motion for a new trial to be filed within four days after judgment does not apply to a motion to set aside a judgment by default. [Head v. Randolph, 83 Mo.App. 284, in so far as it conflicts with this ruling, is disapproved.]

2. ———: ———: **Filed and Determined at Next Term.** Where a motion to set aside a judgment is filed at the term at which the judgment is rendered and no action is taken on the motion at that term, but it goes over to the next term without any special order of continuance, the court has power at said next term to take up and consider the same, and if it is sustained the validity of the judgment is destroyed, and the whole case reopened for adjudication.

3. ———: ———: ———: **Non-Action: Continuance.** A motion to set aside a judgment filed at the term at which the judgment is rendered, is a live, active motion from that time on, and to destroy its force and power there must be some affirmative action of the court upon it. Mere non-action can not destroy it. Theoretically, when the motion is filed, it is submitted to the court and taken under advisement, whether there is any express order so reciting or not, and hence no affirmative action is necessary to continue it to the next term.

4. **MATTERS PENDING CONTINUED: General Practice.** The statute (sec. 1611, R. S. 1899), which in substance provides that an adjournment of a term of court before the business of that term is disposed of, shall not operate to abate or discontinue proceedings pending in the court, is broad enough to cover proceedings of every character. But aside from the statute, proceedings legally pending in the court, in the absence of express restrictions, pass from one term to another without any special or general order of continuance.

5. **SETTING ASIDE JUDGMENT BY DEFAULT: Discretion.** Large discretion rests with the trial court, where the proper motion has been timely filed, in setting aside a judgment by default. And where no injustice is done by sustaining such motion, and an opportunity is thereby given both parties to try the cause on its merits, its action will not be interfered with by the appellate court.

Transferred from Kansas City Court of Appeals.

AFFIRMED.

*J. C. Williams* and *L. A. Laughlin* for appellants.

(1) The motion to set aside the default is defective. (a) It should state that defendant has been advised by counsel that he has a meritorious defense. An affidavit on a motion to set aside a judgment by default, stating that defendant was advised, etc., without stating that he was advised by counsel, is not sufficient. Lecompte v. Wash, 4 Mo. 557; 1 Enc. Pl. and Pr., 360. (b) The facts constituting the defense are not set forth in the motion. In an application to set aside a default and to be permitted to answer on the ground of a meritorious defense, the facts relied upon as a defense should be set out, and not conclusions, so that the court may judge of the question of merits. Lamb v. Nelson, 34 Mo. 501; Florez v. Uhrig, 35 Mo. 517; Pry v. Railroad, 73 Mo. 123; Barry v. Johnson, 3 Mo. 372. The answer filed by Jarvis is a general denial and sets forth no facts. (c) Due diligence is not shown either in the motion or evidence offered in support of it. Something more than a mere affidavit of merits is necessary in this State to authorize the circuit court to set aside a judgment by default. The good cause required to be shown must not only be meritorious defense but the exercise of all due diligence by the plaintiff. Greene v. Goodloe, 7 Mo. 25; Carondolet v. Allen, 13 Mo. 556; Lecompte v. Wash, 4 Mo. 557; Weimer v. Morris, 7 Mo. 6; Campbell v. Gaston, 29 Mo. 343; Palmer v. Russell, 34 Mo. 476. (d) A judgment by default will not be set aside after the damages are assessed on account of the mistake or negligence of the defendant's attorney. No distinction is made between the negligence of the party and the negligence of his attorney. Field v. Matson, 8

Mo. 686; Kerby v. Chadwell, 10 Mo. 392; Austin v. Nelson, 11 Mo. 192; Webster v. McMahan, 13 Mo. 582; Pembridge v. Manter, 13 Mo. 586; Ridgeley v. Reindeer, 27 Mo. 442; Gehrke v. Jod, 59 Mo. 552; Bosbyshell v. Summers, 40 Mo. 172. (2) The court had no power to set aside the judgment. The motion to set aside the judgment was filed more than four days after the judgment was rendered. The court had the discretionary power to set aside the judgment at the same term it was rendered, upon such motion, but not at a subsequent term. Where there is any irregularity in the proceedings the court may, on motion, at a subsequent term, set aside the judgment, or do whatever the necessities of the case may require, but where the proceedings are regular, however erroneous, the power of the court to interfere ceases with the term. Harboe v. Railroad, 32 Mo. 423; Hill v. St. Louis, 20 Mo. 584; Martin v. Tobacco Co., 53 Mo. App. 655; Childs v. Railroad, 117 Mo. 414; Head v. Randolph, 83 Mo. App. 284. (3) The discretion of the trial court setting aside a judgment by default may be reviewed by the appellate court by mandamus or appeal. Nelson v. Ghiselin, 17 Mo. App. 663; Carr v. Dawes, 46 Mo. App. 351; McLaran v. Wilhelm, 50 Mo. App. 658.

*Powell & Powell* for respondents.

(1) The trial court had the discretionary power to set aside the judgment. This was a matter peculiarly within the discretion of the trial judge. Wiltshire v. Triplett, 71 Mo. App. 337; Ins. Co. v. Goodrich, 74 Mo. App. 360. (2) The court may set aside a judgment of its own motion. Appellate courts recognize this discretionary power in trial courts for the reason that all facts, circumstances and conditions, parties and their relation to each other are before the trial court and the trial court is better able to make a just ruling than an appellate court in the absence of the knowledge

which the trial court has of such conditions. Ensor v. Smith, 57 Mo. App. 596; Ins. Co. v. Goodrich, 74 Mo. App. 360. The action of the trial court, therefore, in sustaining defendants' motion to set aside the judgment will not be interfered with, since the court without such motion could have done so. (3) If the court adjourned for the January term without passing on the motion, then it was continued until the next term of the court as a part of the unfinished business of the term, and the court did not lose jurisdiction to pass upon it at the succeeding term. Childs v. Railroad, 117 Mo. 424.

FOX, J.—In pursuance of the provisions of the Constitution, this cause was certified to this court by the Kansas City Court of Appeals, for the reason that the opinion by that court, and the conclusions reached, are in conflict with the decisions of the St. Louis Court of Appeals in Head v. Randolph, 83 Mo. App. 284. The opinion of the Kansas City Court of Appeals correctly and fairly states the case from which arises the most important legal proposition in this cause; it is brief and we adopt it, and here reproduce it:

"Plaintiffs brought this action returnable to the January, 1901, term to recover judgment on a promissory note. There was personal service on defendants, but when the case was called for trial at said January term, defendants did not appear, neither did they file an answer. Judgment was rendered for plaintiffs by default. After the expiration of the four days time allowed for motions for new trial and in arrest of judgment, but at the same term, the defendants filed a motion to set aside the judgment for reasons therein alleged. The motion was not acted on by the court at that term, but went over to the following April term, without any special order of continuance. At the latter term the motion was sustained." Following the action sustaining the motion to set aside the judgment, on April 24, 1901,

Harkness v. Jarvis.

defendant Jarvis filed his separate answer to plaintiffs' petition. "And afterwards, to-wit, on the twenty-second day of June, 1901, said cause coming on to be heard and said plaintiffs failing and refusing to appear and prosecute their said suit, this cause was dismissed, and it was adjudged by the court that the defendants go hence without day and have and recover their costs in this behalf expended of plaintiffs."

From this judgment, plaintiffs in due time and proper form perfected their appeal in this cause, and it is now before us for determination.

OPINION.

It is apparent from this record that there is but one vital proposition presented for our consideration.

It will be observed that the motion filed in this cause to set aside the judgment, was filed at the same term at which the judgment was rendered, but not within four days of its rendition; that no special or general order was made continuing it to the subsequent term and at such following term the motion was taken up and by the court sustained.

The crucial question is, did the court have any power to entertain the motion at such subsequent term of the court, and enter its order sustaining it? The correct answer to that question solves this controversy.

First.—The motion filed in this cause was not a motion for a new trial and can not be so treated. The action upon it may result in a new trial: but it can not be regarded as the motion for new trial, contemplated by the statute, which must be filed within four days after the rendition of the judgment. [Childs v. Railroad, 117 Mo. 414, majority opinion by BLACK, J.]

That judgments rendered remain in the breast of the court during the entire term at which they were rendered, and may be set aside or vacated by the court at any time during the term, upon its own motion,

is conceded, and it is equally well settled that a motion to set aside or vacate a judgment, independent of the statute in respect to motion for new trial and in arrest of judgment and the time of filing, may be filed by either party any time during the term at which the judgment was rendered. This is fully recognized in one of the early cases in this court, Williams v. Circuit Court, 5 Mo. 248, and in the much more recent case of Childs v. Railroad, supra.

In the last-mentioned case, the question of the power of the court to act upon a motion to set aside a judgment filed out of time, at a subsequent term, and the effect of such motion upon the judgment, was sharply presented. BLACK, J., who wrote the majority opinion, says: ''As a general rule, a judgment can not be set aside by the court rendering it after the term at which it was rendered; but during the term it may be set aside. And a motion filed at that term for that purpose and continued over to the next term suspends the judgment, so that the motion may be sustained at the succeeding term. Until the motion is disposed of, the judgment is not a finality.''

During the course of the opinion, the learned and esteemed judge further states, ''A motion to set aside a judgment strikes at its validity, and when filed at the term at which the judgment was rendered and continued to the next term has the effect to suspend the judgment so that the court can act upon the motion the same as at the prior term. The proceedings remain in the breast of the court until the motion is disposed of, and the appeal taken at the time when the motion is overruled brings up the same matters for review as if taken at the term when judgment was entered.''

It is apparent, from this case, if it is to be followed, that this court fully recognizes a motion to set aside a judgment filed at the term at which the judgment was rendered, but not within the four days of its rendition, as a live, active motion. This being true, the proposi-

tion is narrowed down to this question: In order to preserve the vitality of such motion, filed more than four days after the rendition of the judgment, but at the same term, is it essential that the motion should be submitted during the term at which it was filed and taken under advisement to the next subsequent term, or that there should be a special or general order, continuing it to such term? Or, on the other hand, does the adjournment of the term at which the motion was filed, without its being submitted and taken under advisement until the next subsequent term or some affirmative order of the court continuing such motion, destroy its vitality or does it retain it and is it continued to the next subsequent term by operation of law?

It is true that in Childs v. Railroad, supra, the motion was argued and submitted and continued to the next subsequent term, but we take it that that is not the test as to whether the vitality of that motion has been preserved or not, and there is not the slightest intimation in the opinion in that case that said action was essential to the retention of power in the court to pass on the motion at the succeeding term. Those were simply the facts occurring in respect to the motion in that case, and they are recited to show what was done and doubtless it never entered the mind of the learned judge in writing the opinion that the recitation of what was done in respect to the motion being taken under advisement and continued, was to be regarded as an action on the part of the court essential to the retention of power to dispose of the motion at the succeeding term.

We are unable to give our sanction to the contention of appellant, that in order to preserve the power to act upon the motion in this case, it had to be either submitted and taken under advisement at the term at which it was filed, or that it had to be by special or general order continued to the next term.

If the motion is a live, active motion, which the party had the right to file (and about this there can be

no dispute) then to destroy its force and power, there must be some affirmative action of the court upon it. Its non-action certainly can not destroy it. If the motion is filed and is pending, the mere submission of it and taking it under advisement to a subsequent term, does not add any force or power to the motion, or clothe the court with any additional power to act upon it at a subsequent term; the force and vitality of the motion and the power of the court to act upon it at a subsequent term, springs from the fact that the motion, striking at the validity of the judgment, one which this court has recognized the right of a party to the suit to file, is on file, pending and undisposed of.

Every motion filed in a cause, which a party has the right to file, while it may be said is not actually submitted to the court, theoretically it is, for it is lodged with the proper officer and is filed there for the consideration of the court, and we are unwilling to say that the failure of the court to actually consider the motion at the term at which it was filed, and manifest its consideration by the record in the cause, shall, for want of power to act at a subsequent term, practically result in the overruling of the motion.

We have reached the conclusion that the motion filed in this cause, being in full force and pending at the time the court adjourned to the succeeding term, did not require any affirmative action on the part of the court to effect a continuance of said motion to the succeeding term; but that it being a part of the undisposed of business of that term, by operation of law it was continued to the next term, at which term, it still being a matter pending in said court, the court had the power to dispose of it.

This was the conclusion reached by the Kansas City Court of Appeals in this case, and it is said by that court that its conclusion is in conflict with the rule announced in Head v. Randolph, by the St. Louis Court of Appeals, and for that reason, in pursuance of the

provisions of the Constitution, the cause was certified to this court.

We will say in respect to Head v. Randolph, 83 Mo. App. 284, if the rule announced is applicable to motions for new trial, contemplated by the statute, then the doctrine announced is correct. Technically speaking, motions for new trial can only be filed within the time prescribed by the statute, and the very act of filing the motion at a later date is without authority, and even though the court should specially take up such a motion and continue it under advisement to a subsequent term, it is powerless to act, except to strike it from the files, because the filing was unauthorized and is a nullity; but on the other hand, if the rule announced in Head v. Randolph is intended to apply to all motions which may result in the granting of a new trial, but in fact are not such motions for new trial as are contemplated by the statute, and can not be treated as such, but are simply motions recognized by law, independent of the statutory motions for new trial and arrest of judgment, which are designed only to put in action the discretionary power of the court over its judgments, then the rule announced in this case is erroneous.

The fundamental error in the application of the rule in the Head-Randolph case, to motions filed at any time during the term at which the judgments were rendered, which simply call to action, by way of suggestion, the discretionary power of the court, is the confounding of such motions with those which are technical motions for new trial. We repeat, if the case of Childs v. Railroad, supra, is to be followed, the right to file a motion which simply appeals to the discretionary power of the court, at any time during the term at which the judgment was rendered, is one clearly recognized, and may be as freely and lawfully exercised as the right to file a motion for new trial within the four days prescribed by the statute. While they may be designed to accomplish the same result, yet they proceed upon different lines and both are

equally valid motions pending before the court for its consideration. This being true, it logically follows that there is no reason why, if a motion to set aside the judgment is legally before the court for its consideration, it should not pass from one term to the succeeding term, as a part of the unfinished business, the same as a motion for new trial filed within the four days of the rendition of judgment.

Section 1611, Revised Statutes 1899, seems to be broad enough to cover proceedings of every character, and it in substance provides that an adjournment of a term of court before the business of that term is disposed of, shall not operate to abate or discontinue such proceedings pending in such court. But aside from any statutory provisions, proceedings legally pending in the circuit court, in the absence of express limitation, pass from one term to the other, without any special or general order of continuance. The terms of court are separate; but it is the same court, and the proceeding is still pending, awaiting the final action of the court. As to the question of the exercise of power by the court at a subsequent term, the proposition was very aptly stated by the Kansas City Court of Appeals in its opinion in this case; it was there said: "If it be conceded that the court has the power to continue a motion filed after the four days by taking it under advisement until the next term, it must follow that the motion can be continued without being under advisement, for if it is a question of power the court can not, of course, hold a matter under advisement beyond the period in which it has the power to act."

In Childs v. Railroad, supra, it was clearly announced and expressly held, that a motion of the character involved in the case at bar, continued from the term at which it was filed to a subsequent term, operates a suspension of the judgment affected by the motion, until such subsequent term, at which time the court is authorized to act upon the motion in the same manner

as it might have acted at the prior term.   We see no, reason for departing from the rule as announced in that case, and as herein expressed.   We fully concur in the conclusions reached upon this proposition by the Kansas City Court of Appeals, and the rule announced in Head v. Randolph, so far as it conflicts with the conclusions herein reached in this cause, will no longer be followed.

As to the merits of this motion, we will say that the record discloses that the parties to this action were represented by counsel upon the hearing of it; that counsel for plaintiff would not dispute the reasons urged why the judgment should be set aside, but simply rested upon the denial of the power of the court to act. Defendant Jarvis was working in the office with one of the counsel for plaintiff; the parties were all before the court, and in the exercise of its discretion, the judgment was set aside.

No injustice was done the plaintiffs, there was an opportunity to try the case upon its merits, and unless the defendant had a meritorious defense, as he had stated in his affidavit, plaintiffs could have obtained judgment; that is the basis upon which the courts make the distinction between a discretion exercised where the judgment is set aside and where it is not.

The Kansas City Court of Appeals very clearly and correctly stated the rule on this proposition; it was thus expressed:

"There need be little said on the merits of the motion. The Supreme Court has many times stated and enforced the proposition that large discretion rests with the trial court in acting on motions to set aside judgments by default.   [Bank v. Armstrong, 92 Mo. 265, 280, and authorities cited.]   And it has been said that it is less apt to interfere with such discretion where the judgment is set aside than when it is not.   This for the reason that when set aside, the case is yet open and

justice will yet be done.    [Helm v. Bassett, 9 Mo. 55.]
And the Courts of Appeals have followed this view:
[Longdon v. Kelly, 51 Mo. App. 572; Ensor v. Smith,
57 Mo. App. 584.]    The record in this case does not dis-
close anything whereby we can be justified in saying that
the discretion was abused.''

Entertaining the views as herein expressed, the
judgment of the circuit court in this cause should be
affirmed, and it is so ordered.    All concur.