JOHN P. DOWER, Respondent, v. T. A. CONRAD, Appellant.

St. Louis Court of Appeals. Opinion Filed May 3, 1921.

1. JUDGMENTS: Default Judgments: Motion to Set Aside: Court Has Power to Set Aside its own Judgments During Term Which They are Rendered. The trial court has authority and control over a judgment during the entire term at which it was rendered, and a motion to set aside a final default judgment, while not a motion for a new trial, was such a motion as defendant had a right to file at any time during the term at which the default judgment was rendered, and this right exists independent of any statute, as such motions are designed merely to call the court's attention to certain discretionary powers which it has over its own judgments during the term at which they are rendered.

2. ————: ————: ————: Suspends Judgment. And when such motion is filed during the term of court at which the judgment was rendered, and is not passed upon at that term, but is continued over to the next term, such action has the effect of suspending the judgment, and such judgment does not become a final judgment until after the motion is acted upon.

3. ————: ————: ————: Error to Strike Motion to Set Aside Judgment from Files: Entitled to Ruling Thereon. Where a motion to set aside a judgment was a timely motion, the court should have exercised its discretion which it had in the matter, and either have sustained or overruled the motion, as defendant had a right to file

such motion and such right exists independent of any statutory provision, and the court erred in striking the motion to set aside the judgment from the files.

Appeal from the Circuit Court of the City of St. Louis.— Hon. *Samuel Rosenfeld*, Judge.

REVERSED AND REMANDED.

*Leahy & Saunders*, for appellant.

(1) A final judgment against a defendant who has not appeared to the suit, may be vacated both at common law and under the statute. Sections 1532 and 1535, R. S. 1919; Shuck v. Lawton, 249 Mo. 168; Hulbert v. Treadway, 159 Mo. 665; Harkness v. Jarvis, 182 Mo. 231; Currey v. Zinc, Lead & Smelting Co., 157 App. 423; 17 Am & Eng. Encyc. of Law (2 Ed.), l. c. 824, etc. (2) Courts in this State have inherent power to set aside a judgment upon motion filed at any time during the term at which it is entered. Harkness v. Jarvis, 182 Mo. 231; Hall v. McConey, 152 Mo. App. 1; Parks v. Coyne, 156 Mo. App. 379; Realty Co. v. Timmerberg, 178 Mo. App. 654; Shuck v. Lawton, 249 Mo. 168; Higgins v. Higgins, 243 Mo. 164; Hulbert v. Treadway, 159 Mo. 665; Graff v. Daugherty, 139 Mo. App. 56; Currey v. Trinity Co., 157 Mo. App. 423; State ex rel. Potter v. Riley, 219 Mo. 667. (3) The general rule is that where the application discloses a good defense on the merits, and a reasonable excuse for delay shown and no substanial injury has resulted from such temporary delay, the court should exercise its discretion in favor of· the trial on the merits. Hall v. McConey, 152 Mo. App. 1; Perkins v. Tarvis, 194 S. W. 730; Scott v. Smith, 133 Mo. 618; Hoffman v. London, 96 Mo. App. 184; Cross v. Gould, 110 S. W. 672; Frazier v. Bishop, 29 Mo. 447; Piper v. Aldrich, 41 Mo. 421; Martin v. St. Charles Tobacco Co., 53 Mo. App. 655. (4) Refusal of the trial court to set aside a default judgment is an abuse of disrection, un-

less there is bad faith or lack of diligence that cost the plaintiff something in time, trouble or money, or no meritorious defense is disclosed. Perkins v. Travis, 194 S. W. 730; Judah v. Hogan, 67 Mo. 252; Hulbert v. Treadway, 159 Mo. 665; Sinclair v. Narragansett Lead; Zinc Co., 87 Mo. App. 268.

*F. P. Sullivan* and *John Cashman* for respondent.

(1) The judgment must be affirmed. Sections 2093 and 2094, R. S. 1909, now sections 1524 and 1525, R. S. 1919, are as follows: Personal Service Sections. "Sec. 1524. If the defendant shall fail to file his answer or other pleading within the time prescribed by law or the rules of practice of the court, and serve a copy thereof upon the adverse party, or his attorney, when the same is required, an interlocutory judgment shall be given against him by default." "Sec. 1525. Such judgment may, for good cause shown, be set aside at any time before the damages are assessed or final judgment rendered, upon such terms as shall be just." These sections, in their present form, have been a part of our Code of Civil Procedure since 1855, at least. How long before that we have not investigated. The provisions of section 1525 are mandatory, and a failure of defendant to move to set aside the interlocutory judgment by default, taken November 9, 1917, before the final judgment was entered, forever barred his rights to have the judg ment set aside. State ex rel. v. Taylor, 200 Mo. App., 341; Mathews v. Cook, 35 Mo. 286; Burnes v. Burnes, 61 Mo. App. 612; Billingham v. Miller et al., 115 Mo. App. 154; Colter v. Luke, 129 Mo. 702.

NIPPER, C.—The action on which judgment in this case was rendered, was filed in the circuit court of the city of St. Louis, on the 14th of September, 1917, and was an action for damages against T. A. Conrad, for personal injuries alleged to have been sustained by plaintiff, by coming in contact with obstructions on a side-

walk in front of premises owned by defendant. Summons was issued and personally served upon defendant on the next day after the petition was filed, and more than fifteen days before the October Term, 1917. Defendant filed no answer, nor did he appear or plead for any purpose. Interlocutory judgment by default was entered. During the February Term, 1918, and on the 19th day of March, final judgment was rendered for plaintiff, after a hearing before a jury, for $2,000. Four days later, and during the same term, defendant filed a verified motion to set aside the judgment. Defendant in his motion to set aside the judgment, states that the cause was originally instituted against him and another named Charleville; that Charleville was president of a building and investment company, which corporation was, by virtue of an agreement with defendant, engaged in remodeling the building where the injury to plaintiff is alleged to have occurred; that prior to the institution of this suit he had received a letter from an attorney, threatening to file suit; that he gave this letter to his co-defendant, Charleville, who informed him that he (Charleville) carried insurance protecting them both against damages in actions of this character. The affidavit of Charleville was filed with this motion. The defendant further alleges in his motion that he relied upon Charleville's statements that he would defend the action, and did not know that judgment had been rendered against him until the 20th day of March, 1918. He further states that no obstruction was in front of his building and on the sidewalk at the time plaintiff alleges he sustained the injuries. He also states that about a year and a half prior thereto he had sustained a stroke of paralysis, and since that time has been almost completely incapacitated from transacting business, and that if he had known that said cause was to be tried on the 19th of March, 1918, he would have presented his defense.

This motion seems to have been passed to the April Term, 1918. During the April Term, plaintiff filed a

motion to strike defendant's motion from the files. This motion seems to have been passed to the June Term, 1918. On July 1st, and during the June Term, 1918, plaintiff's motion to strike from the files defendant's motion to set aside the judgment, was sustained. Defendant, during the same term of court, and two days thereafter, filed a motion to set aside the order overruling his motion for rehearing. This motion was sustained at the October Term, 1918. Other motions were made, and the court finally sustained a motion to strike from the files defendant's motion to set aside the judgment rendered by default, and overruled a motion for rehearing thereon, and from this action an appeal was duly perfected to this court.

The defendant's contention is that courts of general jurisdiction in this state have power to set aside their judgments upon motion filed any time during the term at which such judgments are rendered, and that in this case the motion and application shows a good defense on the merits, and a reasonable excuse for the delay, and that the trial court abused its discretion in not sustaining such motion.

Plaintiff meets this contention with the suggestion thatthe court had no right or authority to set aside its final default judgment, where there has been personal service, upon a motion such as this, filed after the date of the entry of such final judgment.

Defendant's contention that the court had authority to entertain the motion to set aside the judgment in this case, is correct, even though there was personal service. The trial court had authority and control over this judgment during the entire term at which it was rendered, and this motion to set aside the final default judgment, while not a motion for a new trial, was such a motion as defendant had the right to file at any time during the term at which the default judgment was rendered, and this right exists independent of any statute, as such motions are designed merely to call the court's attention to certain discretionary powers which it has over its own judg-

ments during the term at which they are rendered. [Rott-mann v. Schmucker, 94 Mo. 139, 1: c. 144, 7 S. W. 117; Harkness v. Jarvis, 182 Mo. 231, 81 S. W. 446; Reid v. Moulton,—Mo,—210 S. W. 34.]

And when such motion is filed during the term of court at which the judgment was rendered, and is not passed upon at that term, but is continued over until the next term, such action has the effect of suspending the judgment, and such judgment does not become a final judgment until the motion is acted upon. [Harkness v. Jarvis, supra; Childs v. Railroad, 117 Mo. 414, 23 S. W. 373; State ex rel. v. Taylor, 183 Mo. App. 441, 166 S. W. 1071.]

It follows, therefore, that in so far as the court's authority to pass upon the motion and exercise its discretionary power in the matter is concerned, we uphold appellant's contention.

We are now met with this proposition: The last order of the court with respect to this judgment, which order was entered on the 28th day of October, 1918, was an order striking from the files defendant's motion to set aside the judgment, and overruling defendant's motion for rehearing on the same. From this last order the appeal is taken. It appears that the court erred in striking defendant's motion to set aside the judgment from its files. As we have stated, defendant had a right to file this motion, and such rights exists independant of any statutory provisions. It is a verified motion, and defendant has a right to a ruling thereon without having his motion simply stricken from the files without any ruling on the merits. The court evidently proceeded upon the theory that the motion being filed after the date final judgment was rendered, it had no right or authority to pass upon the question presented therein. But in view of what we have already said, the motion was a timely motion, and the court should have exercised its discretion which it had in the matter, and either have sustained or overruled the motion. In the present case neither was done, but the motion summarily

stricken from the files. It is unnecessary, in this view of the case, to decide whether or not the trial court would have abused its discretion had it overruled the motion, as that question is not before us for review, the trial court not having acted thereon. Therefore, the Commissioner recommends that the judgment be reversed, and the cause remanded.

PER CURIAM:—The foregoing opinion of NIPPER, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly reversed, and the cause remanded. *Allen P. J.*, and *Becker, J.*, concur. *Daues, J.*, not sitting.