GEORGE W. BARKWELL, doing business as BARK-
WELL & COMPANY, Appellant, v. CHARLES D.
CARLISLE, doing business as THE CARLISLE
COMMISSION COMPANY, Respondent.*

In the Kansas City Court of Appeals, December 3, 1923.

JUDGMENT: Default: Dismissal and Non-Suit: Motion to Set Aside Dis-
missal and Reinstate Vacated Default Judgment Filed after Lapse
of Term, Held Properly Overruled. Where after dismissal of ap-
peal from an order vacating a final default judgment on theory it
was improperly entered, plaintiff refused to proceed further with
the case and the same was dismissed for want of prosecution, held
that a motion to set aside the order dismissing his petition and
to reinstate the default judgment, filed after lapse of several terms
of court and based solely on the claim that the final default judg-
ment which had been set aside had been properly rendered, failed
to allege any ground upon which the court could set aside the order
dismissing the case, the court having no right, after the lapse of
the terms to reinstate the judgment.

*Headnote 1. Judgments, 34 C. J., Section 678 (1926 Anno).

Appeal from the Circuit Court of Jackson County.—*Hon.
Nelson E. Johnson*, Judge.

AFFIRMED.

*Russell E. Holloway, E. M. Tipton* and *John C.
Grover* for appellant.

*H. H. McCluer* and *Omar E. Robinson* for respond-
ent.

BLAND, J.—On July 21, 1920, plaintiff filed in the
circuit court of Jackson County, Missouri, a petition
wherein he asked judgment against the defendant in the

sum of $1780.92 for the balance due on twenty-eight car loads of hay alleged to have been sold by plaintiff to defendant. Summons was issued and the same was served upon defendant personally on July 22, 1920, notifying him to appear at the first day of the September term of the circuit court, which was the second Monday in September. On Friday, the first day of October, 1920, at the regular September term of the circuit court, a judgment by default in the sum of $2020.92 was rendered against the defendant, he not having filed any pleading or appearing in court. This judgment appears to be a final judgment. Within four days defendant filed a motion for a new trial and petition for review, setting up that the reason that defendant had made no defense to the cause was that when he was served with summons he handed the same to an employee with instructions to mail it to defendant's attorney and thereafter gave the matter no further thought as he was very busy at the time and left the city on business which kept him away almost to the first of October, 1920; that he believed that his employee had followed his instruction and that his attorney was giving the matter proper attention; that defendant had a meritorious defense to the cause of action.

The court on December 4, 1920, at the November term, sustained the motion for a new trial and petition for review, assigning as a reason "that the court rendered final judgment in this cause on October 1, 1920, instead of an interlocutory judgment in favor of plaintiff as required by law, the aforesaid mentioned judgment being against the law." Plaintiff thereupon appealed the case to this court alleging that the court erred in setting aside the judgment. This court dismissed the appeal for the reason that no appeal "lies from an order vacating a final default judgment." [Barkwell v. Carlisle, 231 S. W. 1063.] On February 27, 1922, defendant dismissed his counterclaim and the case was dismissed for want of prosecution, plaintiff refusing to proceed further with the case. On March 3, 1922, plain-

tiff filed a motion to set aside the order dismissing plaintiff's petition and to reinstate the default judgment. On March 11, 1922, this last-mentioned motion was overruled and plaintiff has appealed to this court.

It is now insisted that the court erred in overruling plaintiff's motion to set aside the order dismissing plaintiff's petition and to reinstate the default judgment, for the reason that the court properly rendered final judgment at the September term, 1920, and the court erred in holding that it should have entered an interlocutory judgment at that time. This is the sole ground set up in the motion to set aside the order dismissing plaintiff's petition and to reinstate the default judgment.

We think the motion wholly failed to allege any ground upon which the court could set aside the order dismissing the case. The first appeal of this case was dismissed and there was nothing for plaintiff to do but to go back to the trial court and proceed as though there had never been a judgment entered in the case. However plaintiff took no action but allowed the cause to be dismissed for want of prosecution, and then attempted by motion to reinstate the cause. The trial court properly refused to do this as plaintiff assigned no good reason therefor.

The judgment is affirmed. All concur.

## ON REHEARING.

BLAND, J.—Plaintiff has called our attention to the case of Bussiere's Administrator v. Sayman, 256 Mo. 303, 315, where it was said of plaintiffs who were situated similarly to the plaintiff in the case at bar at the time the court sustained defendant's motion for a new trial and petition for review:

"Two remedies it would seem were open to appellant (plaintiff) here: (a) he might have stood mute in a subsequent call of the case, and suffering a dismissal thereof, have appealed (Harkness v. Jarvis, 182 Mo. 231); or (b) saving the point by a proper exception and term bill if need arose, appealed if he lost the whole case."

. But plaintiff herein did not follow the course pointed out in that case but, without taking any action whatever save to merely except to the ruling of the court, he appealed the case here on the action of the court in setting aside the judgment, and allowed several terms of court to go by before filing his motion to reinstate the default judgment. There being nothing to carry the case over, the court had no right after the lapse of the terms to set aside the order to set aside the default judgment (State v. Fort, 178 Mo. 518), and the motion to set aside the order dismissing plaintiff's petition and to reinstate the judgment not setting up any good grounds for the action prayed, was properly overruled.

The judgment is affirmed. All concur. ·