PEOPLES BANK OF HOLCOMB, Respondent, v. J. R. BULLOCK, EDNA BULLOCK, ET AL., Appellants.*

St. Louis Court of Appeals. Opinion Filed March 3, 1925.

1. NEW TRIAL: Granting New Trial on Grounds Not Contained in Motion: Court's Motion. An order granting a new trial, not based on any ground contained in the motion for a new trial must be treated as one made on the trial court's own motion.

2. ———: Trial Court: May on Own Motion Grant New Trial to Prevent Injustice. A trial court, possessing general jurisdiction, may in the exercise of its inherent power set aside a verdict and grant a new trial upon its own motion, during the term at which the verdict was rendered, when that is necessary to prevent injustice.

Peoples Bank of Holcomb v. Bullock.

3. **BILLS AND NOTES: Holder in Due Course: Burden of Proof.** In an action on a note, the burden of proof was cast upon and remained upon defendants who pleaded that plaintiff was not a holder in due course, to prove actual knowledge of fraud pleaded, or knowledge of such facts that its action in taking the note amounted to bad faith.

4. ———: ———: **Indorsee: Absent Evidence of Knowledge of Defect in Indorser's Title or Bad Faith: Indorsee Holder in Due Course.** In view of the definition of a holder in due course as defined by section 838, Revised Statutes 1919, indorsee *held* a holder of a note in due course as a matter of law, where there was no evidence adduced that indorsee had knowledge, at the time of the transfer, of defect in indorser's title, or had knowledge of such facts that its action in taking the note amounted to bad faith.

5. **NEW TRIAL: Verdict Unsupported by Evidence: Trial Court: Granting New Trial on Own Motion: Power To Do So Though Peremptory Instruction Not Asked.** The action of the trial court in setting aside the verdict of a jury and granting a new trial on its own motion, *held* proper and necessary to prevent injustice, where the verdict for defendants, in a suit on a note was based on the defense that plaintiff was not a holder in due course, was supported by no evidence, and this the trial court had a right to do although the plaintiff failed to ask a peremptory instruction and joined issue with the defendants in submitting the cause to the jury.

*Headnote 1. New Trial, 29 Cyc., p. 921; 2. New Trial, 29 Cyc., p. 921; 3. Bills and Notes, 8 C. J., Section 1292; 4. Bills and Notes, 8 C. J., Section 1376; 5. New Trial, 29 Cyc., pp. 832, 835.

Appeal from the Court of Common Pleas of Cape Girardeau County.—*Hon. John A. Snider*, Judge.

AFFIRMED AND REMANDED (*with directions*).

*L. R. Jones* for appellant.

(1)   A litigant is limited in its assignment of errors in the trial of a cause to the assignments of error as contained in the Motion for New Trial. Barnett v. Hastain, 256 S. W. 753; Hill v. Davis, 257 S. W. 1069; Machen v. Ry. Co., 242 S. W. 133; Roques v. Butler County R. R. 264 S. W. 475.   (2)   The respondent did not ask for a

peremptory instruction in this cause, but joined issue with the appellants in submitting the same to the jury and such failure to request a peremptory instruction estops respondent from contending that there was no evidence to submit the cause to the jury. Williams v. Barnes, 253 S. W. 807; Ramsey v. Ry. Co., 253 S. W. 1082; Marsh v. Davis, 251 S. W. 390; Baker Lumber Co. v. Leach, 255 S. W. 957; Parker v. Ry. Co., 265 S. W. 119. (3) A litigant is bound in the appellate court from the theory adopted in the trial court below. Keele v. Railroad, 258 Mo. 75; Bank v. Lead Co., 173 Mo. App. 642. (4) However, even though respondent had submitted a peremptory instruction in this cause and had followed the same up by preserving the error in its motion for new trial, the evidence in this cause, together with the reasonable inferences to be drawn therefrom, makes the case a question for the jury. Depree, Bridges & Noel v. Galloway, 224 S. W. 998; Newburg State Bank v. Heflin, 189 Mo. App. 292. (5) The rule of law granting a great discretionary power to the trial court in sustaining motions for new trial is not applicable where the learned trial judge errs in a matter of law. City of Kennett v. Construction Co., 273 Mo. 290; Loftus v. Ry. Co., 220 Mo. 481. (6) Where the trial court sustains a motion for new trial and specifies his reason therefor, it is the duty of respondent to point out other reasons why the motion for new trial should have been sustained if the reason assigned is wrong. State ex rel. v. Ellison, 266 Mo. 432; Benjamin v. Railroad, 245 Mo. 609; Candee v. Railway Co., 130 Mo. 153; Millar v. Madison Car Co., 130 Mo. 523; Roney v. Organ, 176 Mo. App. 238.

*Hall & Bradley* for respondent.

The court sustained respondent's motion for new trial and gave as his reason "that there is no evidence in this cause upon which to base the verdict of the jury," and we think this was ample reason, and fully covered in our motion for new trial. The trial court may grant

one new trial to either party where the verdict returned is deemed contrary to the weight of the evidence. Section 1424, R. S. 1919; Reid v. Piedmont & Arlington Life Ins. Co., 58 Mo. 421; Iron Mountain Bank v. Armstrong, 92 Mo.—; Bank v. Wood, 124 Mo.—; Chitty v. Iron Mountain Ry. Co., 148 Mo.—; Schmidt v. St. Louis Railroad Co., 149 Mo.—; Taylor v. Gulf Ry. Co., 163 Mo.—; McCarty v. St. Louis Transit Co., 192 Mo.—; Johnson v. Grayson, 230 Mo.—; Ewart v. Peniston, 233 Mo.—; Lyons v. Corder, 253 Mo.—; Devine v. St. Louis, 257 Mo.—; State ex rel. v. Ellison, 268 Mo.—.

BRUERE, C.—This is an action upon a negotiable promissory note for three thousand dollars, executed by the defendants to one H. W. Cherry, and which Cherry discounted before maturity with the plaintiff bank, respondent herein.

The answer admitted the execution of the note, but alleged that J. R. Bullock was the principal upon said note and that the other defendants were sureties; that the said note was wholly without consideration; that it was procured by fraud practiced on the defendant, J. R. Bullock, by H. W. Cherry, and that the plaintiff was not a holder in due course.

The fraud pleaded is: That said H. W. Cherry represented to the defendant, J. R. Bullock, that he was the owner of certain shares of stock in an institution known as the Great American Home Savings Institution of St. Louis, Missouri; that said stock was fully matured and that if the defendant would purchase said stock the Great American Home Savings Institution of St. Louis, Missouri, would immediately loan to the defendant, J. R. Bullock, the sum of eighteen thousand dollars; that said representations were false and fraudulent and were made by the said H. W. Cherry with the intent to deceive the defendant, J. R. Bullock, and to induce him to purchase said stock in said institution; that the defendant, J. R. Bullock, believed said representations to be true, and relied on them and purchased from said H. W.

Cherry, as the agent of the said Great American Home Savings Institution of St. Louis, Missouri, the stock in said institution heretofore named; that in payment of said stock, and relying upon the representations of the said H. W. Cherry, the defendant, J. R. Bullock, executed and delivered to H. W. Cherry the note sued upon in this case; that the said representations of the said H. W. Cherry to defendant, J. R. Bullock, were false and fraudulent in that the stock was not matured, but was stock that required the payment of the sum of one hundred and twelve dollars and fifty cents per month upon the same for a period of approximately ten years; that the said J. R. Bullock never received any loan or matured stock in said institution, and that the stock that the defendant, J. R. Bullock, did receive was wholly worthless.

The answer further alleges that the plaintiff knew, prior to the purchase of the note in question, that Cherry's title to said note was defective as aforesaid.

The reply consisted of a general denial of the new matter in the answer.

The cause was tried before the court and a jury and the trial resulted in a verdict for the defendant, but the court granted the plaintiff a new trial, for the reason that *"there was no evidence in the cause upon which to base the verdict of the jury."* Defendants have appealed from the order of the court granting such new trial.

The evidence on the part of the defendants tended to show that the said title of H. W. Cherry, who negotiated the note to plaintiff, was defective as alleged in the answer.

The plaintiff, at the trial, disclosed the facts and circumstances within its knowledge attending its purchase of the note; and from this evidence it appears that plaintiff received the note before maturity in the usual course of business for value, and that it had no knowledge of the said defect in the title of H. W. Cherry or knowledge of such facts that its action in taking the note amounted to bad faith.

There was no evidence adduced at the trial in support of defendants contention that the plaintiff was not a holder in due course.

The plaintiff did not ask for a peremptory instruction to find in its favor, but joined issue with the defendants in submitting this cause to the jury.

The reasons assigned for a new trial, contained in plaintiff's said motion, are as follows:

"(1) The verdict in this said cause is against the evidence, against the weight of the evidence, and against the law under the evidence.

"(2) Because the verdict is for the wrong party.

"(3) Because the court erred in giving to the defendant the right to open and close the argument in view of the fact that the defendant denied that the said note had ever been negotiated to the plaintiff.

"(4) Because the verdict is against the law as declared by the court in the instructions given.

"(5) Because the court erred in admitting incompetent, irrelevant and immaterial evidence offered by the defendant over the objections and exceptions of the plaintiff at the time.

"(6) Because the court erred in rejecting competent, relevant and material evidence offered by the plaintiff over its exceptions and objections at the time."

In view of the fact that the order granting a new trial is not based on any ground contained in the motion, the said order must be treated as one made on the trial court's own motion.

A trial court, possessing general jurisdiction, may in the exercise of its inherent power set aside a verdict and grant a new trial upon its own motion, during the term at which the verdict was rendered, when that is necessary to prevent injustice. [Ewart v. Peniston, 233 Mo. 695, l. c. 709, 710, 712, 713, 136 S. W. 422; Gray v. Missouri Lumber & Mining Co., 177 S. W. 595, l. c. 596; Scott v. Smith, 133 Mo. 618, l. c. 622, 624, 34 S. W. 864; McCarty v. St. Louis Transit Co., 192 Mo. 396, 91 S. W.

132; Rottmann v. Schmucker, 94 Mo. 139, 1. c. 144, 7 S. W. 117; Marsala v. Marsala, 288 Mo. 501, 1. c. 504, 232 S. W. 1048; In re Lankford's Estate, 272 Mo. 1, 1. c. 8, 197 S. W. 147; Bruner v. Ingersoll-Rand Drill Co., 233 S. W. 256, 1. c. 258; State v. McPike, 243 S. W. 278; Thurman v. Wells, 251 S. W. 75, 1. c. 76, 77; Dower v. Conrad, 232 S. W. 174, 1. c. 175; Reid v. Moulton, 210 S. W. 34, 1. c. 36; Liberty Central Trust Co. v. Roy, 245 S. W. 1085, 1. c. 1086; Head v. Randolph, 83 Mo. App. 284, 1. c. 287; Williams v. Railroad, 156 Mo. App. 675, 1. c. 678, 138 S. W. 44; Scott & Colbern v. Joffee, 125 Mo. App. 573, 1. c. 577, 578, 102 S. W. 1038; Dower v. Conrad, 207 Mo. App. 176, 1. c. 180, 232 S. W. 174.]

In the case at bar the burden of proof was cast and remained upon the defendants to prove that the plaintiff had actual knowledge of the fraud pleaded, or knowledge of such facts that its action in taking the note amounted to bad faith. There was no evidence adduced that the plaintiff had knowledge, at the time of the transfer, of the defect of H. W. Cherry's title to the note or that the plaintiff had knowledge of such facts that its action in taking the note amounted to bad faith. On the facts presented the plaintiff must be held, as a matter of law, to be a holder in due course as defined by section 838, Revised Statutes of 1919. [Downs v. Horton, 287 Mo. 414, 230 S. W. 103; Ensign v. Crandall, 207 Mo. App. 211, 231 S. W. 675; Levy v. Artophone Co., 249 S. W. 158; Citizens Bank v. Kriegshauser, 244 S. W. 107; Union Station Bank of St. Louis v. Wangler, 254 S. W. 739.]

Since there was no evidence adduced at the trial whereon to base a verdict for the defendants, the action of the trial court in setting aside the verdict of the jury and granting a new trial was proper and necessary to prevent injustice.

Counsel for the defendants contend, however, that since the plaintiff did not ask for a peremptory instruction in this cause, but joined issue with the defendants in submitting the same to the jury, the trial court was without authority to grant a new trial on the ground that

there was no evidence whereon to base the verdict. We cannot subscribe to this contention. The trial court in this case granted a new trial upon its own motion upon sufficient cause shown, in the exercise of its sound discretion, and in order to prevent a miscarriage of justice, and this it had a right to do although the plaintiff failed to ask a peremptory instruction and joined issue with the defendants in submitting the cause to the jury.

It follows that the judgment should be affirmed, and the cause remanded with directions to the trial court to proceed with the new trial. The Commissioner so recommends.

PER CURIAM:—The opinion of BRUERE, C., is adopted as the opinion of the court. The judgment of the Court of Common Pleas of Cape Girardeau County is accordingly affirmed, and the cause remanded with directions to the trial court to proceed with the new trial. *Daues, P. J.,* and *Becker* and *Nipper, JJ.,* concur.